UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOHN WILLIS RICHARD,

                              Plaintiff,

         v.

JENNIFER DIGNEAN and THOMAS TANEA,

                              Defendants.
_____

DECISION & ORDER

11-CV-6013W

John W. Richard ("Richard") filed this action *pro se* against Jennifer Dignean ("Dignean") and Thomas Tanea ("Tanea") (collectively, "defendants") pursuant to 42 U.S.C. § 1983 asserting a First Amendment retaliation claim against Tanea and equal protection claims against both defendants. (Docket # 1). Richard alleges that defendants, who were Senior Correctional Counselors with the New York State Department of Corrections and Community Supervision ("DOCCS"), discriminated against him on the basis of his race and religion by creating an unwritten policy to deny him certain employment opportunities and retaliated against him for filing grievances about defendants' conduct. (*Id.*; *see also* Docket # 22). Currently pending before this Court is Richard's motion to compel responses to discovery demands and for sanctions. (Docket # 46). For the reasons discussed below, Richard's motion to compel and for sanctions is granted in part and denied in part.

## PROCEDURAL BACKGROUND

Richard filed his complaint on December 3, 2010, against fourteen defendants, which defendants moved to dismiss on June 28, 2011.[1]  (Docket ## 1, 14).  Many of Richard's claims were dismissed by the Honorable Elizabeth A. Wolford, the presiding district judge, in a decision dated August 7, 2014.  (Docket # 22).  This Court held a Rule 16 scheduling conference with Richard and counsel for defendant, J. Richard Benitez, Esq., on October 15, 2014, and issued a scheduling order that, among other things, required defendants to serve initial disclosures by December 1, 2014.  (Docket # 26).  Despite the order, defendants served them on March 17, 2015.  (Docket # 31).

In early 2015, Richard moved for reconsideration of Judge Wolford's decision dismissing some of his claims, which was denied on September 23, 2015.  (Docket ## 28, 32).  In her decision denying reconsideration, Judge Wolford directed the parties to confer and contact this Court if any extensions of the scheduling order deadlines were needed.  The parties did not contact this Court to request any extensions.

Judge Wolford held a status conference on May 12, 2016.  (Docket # 37).  At the conference, Richard requested additional discovery before scheduling the case for trial, and the case was re-referred to me to supervise such discovery.  (Docket # 38).  I held a scheduling conference with Richard and Benitez on June 15, 2016, after which I issued an amended scheduling order setting new deadlines for further discovery.  (Docket ## 40, 41).

On June 22, 2016, Richard served formal interrogatories (which were filed on June 27, 2016 (Docket # 42)) and on July 20, 2016, he served requests for production of

---

[1] In his July 21, 2011, reply to defendants' motion to dismiss, Richard apparently requested that defendants produce the DOCCS Employee Manual, program availability sheets, program change sheets, and the names of program committee staff and disciplinary hearing witnesses.  (Docket # 18 at 21-27).  No formal response was ever served by defendants, nor did Richard pursue the requests at that time.

2

documents (which were filed on September 8, 2016 (Docket # 45)).  Richard also alleges that he served requests for admissions on July 10, 2016.  (Docket # 46 at ¶ 27).  Although Local Rule 5.2(f) requires the parties to file discovery requests and responses in cases with incarcerated *pro se* litigants, Richard's requests for admissions do not appear on the docket.  *See* W.D.N.Y. L.R. Civ. P. 5.2(f).

Richard represents that Benitez asked the Court for an additional thirty days to respond to the interrogatories, which was granted.  (*Id.* at ¶¶ 11-12).  In fact, the record suggests that Benitez sent a letter to Richard, not this Court, on July 25, 2016, requesting a thirty-day extension to respond to the interrogatories; the docket does not contain any court order granting an extension.  (*See id.*, Ex. A).  During his August 26, 2016, deposition, Richard asked Benitez about the status of the interrogatories, and Benitez responded that he could not locate the defendants and would request another extension.  (Docket # 49 at 16).  Although Richard consented to an extension, Benitez did not timely request one.[2]

On September 20, 2016, Richard sent a letter to Benitez regarding the outstanding discovery requests.  (Docket # 46 at Ex. B).  Benitez apparently did not respond, prompting Richard to file this motion to compel, which is dated September 26, 2016, but was filed on October 11, 2016.  (Docket # 46).

Benitez filed a seven-paragraph affidavit in opposition to this motion on November 14, 2016.  (Docket # 49).  In relevant part, Benitez concedes that defendants did not respond to Richard's requests and acknowledges that he failed to timely request an extension of

---

[2] Benitez did eventually request an extension and represented that Richard consented to it.  (Docket # 48). On the basis of the representation, this Court granted the request.  (*Id.*).  Richard thereafter objected and attached his deposition transcript showing that he had consented weeks earlier at his deposition, but Benitez had never timely requested the extension.  (Docket # 54).  This Court rescinded its extension order.  (*Id.*).

the scheduling order deadlines. (*Id.* at ¶ 7). He explained that he "inadvertently overlooked submitting the request sooner based on various trial engagements [and] litigation." (*Id.*).

Defendant Dignean, on January 24, 2017, and defendant Tanea, on February 21, 2017, responded to Richard's outstanding interrogatories.[3] (Docket ## 57, 58).

In addition to seeking to compel the responses to outstanding requests, Richard also seeks sanctions. (Docket # 46). Specifically, Richard requests that the interrogatories and document demands be deemed admitted (*id.* at ¶¶ 72-75), the requested admissions be deemed admitted (*id.* at ¶¶ 76-78), and unspecified facts and issues be deemed resolved in his favor (*id.* at ¶¶ 79-80). Additionally, Richard seeks an order precluding defendants from offering evidence of his disciplinary record and finding them in contempt (*id.* at ¶¶ 84-91), and entry of a default judgment (*id.* at ¶ 92).

## DISCUSSION

**I.    Motion to Compel**

Richard seeks to compel responses to his discovery requests. (Docket # 46). At this stage, defendants have provided some documents responsive to Richard's request in connection with their opposition to this motion (Docket # 49 at Exs. B, C), although many still appear outstanding. In addition, defendants apparently have not provided a formal written response to the requests, which should identify the documents that respond to each request. Accordingly, defendants are directed to provide written responses and produce all responsive documents by no later than **August 25, 2017**.

---

[3] Dignean's response is dated November 22, 2016, although the date of service is unclear. (Docket # 57). Tanea's response is undated, and its date of service is likewise unclear. (Docket # 58).

With respect to Richard's requests for interrogatories, defendants have now responded, albeit well after the deadline. (Docket ## 57, 58).

As for the requests to admit, the record lacks sufficient information to permit this Court to determine whether any such requests are outstanding because the record does not demonstrate that defendants were ever served with them. The parties are directed to confer on this issue. To the extent that defendants were not served, Richard may serve the requests on defendants by no later than **August 25, 2017**, a copy of which must be filed with this Court, and defendants are directed to respond thereto **within thirty (30) days**. To the extent defendants have been served, they are directed to respond to the requests by no later than **August 25, 2017**.

## II.     Request for Sanctions

Richard seeks various sanctions arising from defendants' untimely and incomplete compliance with their discovery obligations. (Docket # 46). The record shows that defendants have been unjustifiably and inexplicably lax in their efforts to comply with their discovery obligations, including failing to timely provide written responses to Richard's outstanding discovery requests and failing to request an extension of their time to respond. Defendants also apparently ignored Richard's attempts to obtain responses to the outstanding requests without the necessity of court intervention. Even after receiving plaintiff's lengthy motion, rather than providing the outstanding responses, defendants' counsel submitted a less than two-page affidavit, which failed to address several of the issues raised by Richard.

Defendants' conduct has caused Richard and this Court to expend effort that should not have been necessary to obtain defendants' compliance with their discovery obligations. Not only have they tendered no justifiable excuse for their non-compliance, but they

have offered no reason why they could not have simply sought appropriate extensions from the Court. Moreover, the record suggests that many document requests are still outstanding.

I turn first to Richard's request that his requests for admissions be deemed admitted. (*Id.* at ¶¶ 76-78). Rule 36(a)(3) of the Federal Rules of Civil Procedure provides:

> [a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney.

*See* Fed. R. Civ. P. 36(a)(3). As explained above, however, the record before the Court does not establish that the requests to admit have been served on defendants or, if so, when they were served. Accordingly, Richard's request is denied without prejudice at this time.

Richard also requests that the interrogatories and requests for production of documents "be deemed admitted." (*Id.* at ¶¶ 72-75, 79-82). Unlike requests for admissions, however, an untimely response to these types of discovery requests does not automatically entitle the proponent to a determination that the requests be "deemed admitted." Indeed, in this case, it would be very difficult for the Court to fashion admissions that logically or directly flow from defendants' failure to have timely provided the interrogatory responses or particular document requests.

Of course, Rule 37 of the Federal Rules of Civil Procedure authorizes the imposition of a variety of different sanctions on a party who fails to comply with his or her discovery obligations. For example, "[a] failure to respond or object to a discovery request in a timely manner waives any objection which may have been available." *Cohalan v. Genie Indus.*, 276 F.R.D. 161, 163 (S.D.N.Y. 2011) (quoting *UBS Int'l Inc. v. Itete Brasil Instalacoes Telefonicas Ltd.*, 2010 WL 743371, *3 (S.D.N.Y. 2010) (citing *Smith v. Conway Org., Inc.*, 154 F.R.D. 73, 76 (S.D.N.Y. 1994)). Here, defendants failed to provide timely responses to the

document and interrogatory requests. Nor have they raised in their motion opposition any objections or concerns about any particular documents sought. Accordingly, defendants' objections to the requests are waived. *See Alston v. Bellerose*, 2016 WL 554770, *6-7 (D. Conn. 2016) (defendants' general objections to incarcerated *pro se* plaintiff's requests for production of documents were waived by their failure to timely respond to requests and to timely oppose plaintiff's motion to compel); *Oliphant v. Villano*, 2010 WL 4909238, *3 n.2 (D. Conn. 2010) (defendants' objections to incarcerated plaintiff's discovery requests were waived where defendants failed to timely respond to requests and provided no explanation for their delay); *Arriaga v. City of New York*, 2007 WL 582813, *3 (S.D.N.Y. 2007) (holding that defendants' objections to discovery requests were waived "as a result of defendants' failure to respond to [them] in a timely manner[, but] [a]s to documents or other information that defendants believe give rise to genuine security concerns, defendants are to make a specific, individualized showing by affidavit why production would give rise to such concerns").

Richard also seeks the serious sanctions of an order of preclusion, an order deeming certain facts established in his favor, judgment in his favor, and an order finding defendants in contempt of court. (*Id.* at ¶¶ 82-95). Under Rule 37 of the Federal Rules of Civil Procedure, courts have broad discretion to sanction a party for failing to produce or destroying relevant and discoverable evidence. *West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir. 1999). In evaluating the appropriateness of sanctions, including those requested by Richard, a court should consider several factors including:

1. the willfulness of the non-compliant party or the reason for noncompliance;

2. the efficacy of lesser sanctions;

3. the duration of the period of noncompliance[;] and

7

>    4. whether the non-compliant party had been warned of the consequences of ... noncompliance.

*Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302-03 (2d Cir. 2009) (quoting *Nieves v. City of New York*, 208 F.R.D. 531, 535 (S.D.N.Y. 2002)).

As the Second Circuit has cautioned, "[d]ismissal of a lawsuit, or its analogue, striking an answer, is appropriate if 'there is a showing of willfulness, bad faith, or fault on the part of the sanctioned party;' however, because it is a 'drastic remedy ... it should be imposed only in extreme circumstances, usually after consideration of alternative, less drastic sanctions.'" *Occhino v. Citigroup Inc.*, 2005 WL 2076588, *11 (E.D.N.Y. 2005) (quoting *West v. Goodyear Tire & Rubber Co.*, 167 F.3d at 789-90). Similarly, "preclusion of evidence is a harsh remedy, [and] it should be imposed only in rare situations." *Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC*, 280 F.R.D. 147, 156-57 (S.D.N.Y. 2012) (internal citations and quotations omitted). As noted above, defendants' efforts to comply with their discovery obligations have been remarkably lax. Nevertheless, on the record before the Court, I do not find that the drastic sanctions requested by Richard are warranted. Defendants' failures have resulted from their counsel's lack of appropriate diligence, not from any bad faith on his or their parts. **Defendants are cautioned, however, that any further failure to comply with their discovery obligations may result in the imposition of serious sanctions against defendants or defendants' counsel, including the striking of their answer.**[4]

It is well-settled that *pro se* litigants who are not attorneys are not entitled to attorney's fees. *Kay v. Ehrler*, 499 U.S. 432, 435 & n.5 (1991) (collecting cases). *Pro se* litigants may be entitled, however, to reimbursement of documented and reasonable litigation

---

[4] Richard also maintains that defendants' conduct violates a ruling issued by the district court. (*Id.* at ¶ 87). Richard is apparently referring to Judge Wolford's order re-referring the matter to this Court for supervision of discovery. (Docket # 38). Although Judge Wolford clearly assumed that discovery would resume and directed that it be supervised by this Court, defendants' conduct does not directly contravene her order.

8

costs. *See*, *e.g.*, *Jermosen v. Smith*, 733 F. Supp. 13, 14 (W.D.N.Y. 1990) (awarding reimbursement of photocopying expenses where request was supported by a detailed affidavit); *Lozano v. Peace*, 2005 WL 1629644, *2-3 (E.D.N.Y. 2005) (declining to grant request for costs where *pro se* plaintiff failed to demonstrate any expenditures).

Although Richard has not specifically requested reimbursement of litigation costs, this Court retains the discretion to impose such a sanction. Although I decline, based upon the above-cited authority, to award attorney's fees, defendants should reimburse Richard for the reasonable costs, if any, he has incurred as a result of defendants' delayed discovery responses and the need to file a motion to obtain them. Thus, Richard may submit to this Court by no later than **August 25, 2017**, a sworn affidavit detailing those costs, accompanied by any documentation demonstrating his expenditures.

As a final matter, I note that Richard appears to challenge the veracity of several statements made by defendants in their pleadings and other filings. (*See*, *e.g.*, Docket # 46 at ¶¶ 64-71). Such challenges are premature and must await resolution by the trier of fact on a dispositive motion or at trial. Accordingly, Richard's request for a hearing or other sanctions relating to those challenged statements is denied at this time.

## **CONCLUSION**

For the foregoing reasons, Richard's motion to compel and for sanctions (**Docket # 46**) is **GRANTED in PART and DENIED in PART**.

**IT IS SO ORDERED.**

*s/Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
       July 20, 2017