UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOHN WILLIS RICHARD,

         Plaintiff,

   v.

JENNIFER DIGNEAN and THOMAS TANEA,

         Defendants.
_____

DECISION & ORDER

11-CV-6013W

    John W. Richard ("Richard") filed this action *pro se* against Jennifer Dignean ("Dignean") and Thomas Tanea ("Tanea") (collectively, "defendants") pursuant to 42 U.S.C. § 1983 asserting a First Amendment retaliation claim against Tanea and equal protection claims against both defendants. (Docket # 1). Richard alleges that defendants, who were Senior Correctional Counselors with the New York State Department of Corrections and Community Supervision ("DOCCS"), discriminated against him on the basis of his race and religion by creating an unwritten policy to deny him certain employment opportunities and retaliated against him for filing grievances about defendants' conduct. (*Id.*; *see also* Docket # 22). Currently pending before the Court is Richard's motion to compel Eastern Correctional Facility ("Eastern"), the DOCCS facility in which he was housed at the time he filed that motion, to mail to the court discovery requests and motions without requiring him to complete a DOCCS Form 2706. (Docket # 62). The motion also requests a sixty-day extension of the scheduling order deadlines. (*Id.*).

## **PROCEDURAL BACKGROUND**

Richard filed his complaint on December 3, 2010, against fourteen defendants, which defendants moved to dismiss on June 28, 2011. (Docket ## 1, 14). Many of Richard's claims were dismissed by the Honorable Elizabeth A. Wolford, the presiding district judge, in a decision dated August 7, 2014. (Docket # 22). This Court held a Rule 16 scheduling conference with Richard and counsel for defendant, J. Richard Benitez, Esq., on October 15, 2014, and issued a scheduling order.

In early 2015, Richard moved for reconsideration of Judge Wolford's decision dismissing some of his claims, which was denied on September 23, 2015. (Docket ## 28, 32). In her decision denying reconsideration, Judge Wolford directed the parties to confer and contact this Court if any extensions of the scheduling order deadlines were needed. The parties did not contact this Court to request any extensions.

Judge Wolford held a status conference on May 12, 2016. (Docket # 37). At the conference, Richard requested additional discovery before scheduling the case for trial, and the case was re-referred to me to supervise such discovery. (Docket # 38). I held a scheduling conference with Richard and Benitez on June 15, 2016, after which I issued an amended scheduling order setting new deadlines for further discovery. (Docket ## 40, 41).

On June 22, 2016, Richard served formal interrogatories (which were filed on June 27, 2016 (Docket # 42)) and on July 20, 2016, he served requests for production of documents (which were filed on September 8, 2016 (Docket # 45)). Richard also served requests for admissions to each defendant, which were answered in late 2017. (Docket ## 70, 71). Defendants' counsel also deposed Richard. (*See* Docket ## 43, 53).

## **PENDING MOTION**

Richard's motion alleges that Eastern impeded his attempts to timely serve and respond to discovery requests and to file motions by requiring him, contrary to DOCCS's own regulations, to complete two forms, one of which (Form 2706) resulted in a ten-day delay in the mailing of those filings. (Docket # 62). He asks that the Court order Eastern to mail his filings to the Court without requiring him to complete that second form.[1] (*Id.*).

Since the filing of his application, Richard has been transferred from Eastern to DOCCS's Woodbourne Correctional Facility. (Docket # 72). The docket reflects that none of his discovery requests or responses have been objected to or rejected as untimely, and the only pending motion is the one addressed herein. On this record, Richard's motion to compel Eastern to mail his filings without a completed Form 2706 is denied as moot.

With respect to his motion for an extension of the scheduling order deadlines, it is unclear whether Richard wishes to pursue any additional discovery or file dispositive motions. Assuming he does, he must comply with the following deadlines:

1. Richard shall complete all discovery in this case by **October 15, 2018**. Richard shall file any motions to compel discovery on or before **November 15, 2018**.

2. Richard shall file any dispositive motions by **January 15, 2019**.

If Richard does not wish to pursue discovery or file a summary judgment motion, he may advise the Court in writing that the case is trial ready.

---

[1] Richard filed an identical application in *Richard v. LeClaire*, No. 15-CV-0006(BKS) (N.D.N.Y. Aug. 24, 2018) (Docket # 64). The court in that matter denied the application on the grounds that "the facility is not a defendant in this action and it appears to be a grievance that [p]laintiff should file with the facility." (*Id.* at Docket # 65).

## **CONCLUSION**

For the foregoing reasons, Richard's motion to compel **(Docket # 62)** is **DENIED as moot** and his motion for an extension of the scheduling order deadlines **(Docket # 62)** is **GRANTED**.

**IT IS SO ORDERED.**

*s/Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
August 15, 2018