UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_Dignean_

JOHN WILLIS RICHARD, 91A0169,

                Plaintiff,

**RESPONSE TO
PLAINTIFF'S REQUEST
FOR ADMISSIONS**

-vs-

**11-CV-6013**

FISCHER, et al.,

                Defendants.

As and for her response to Plaintiff's Request for Admissions, received
November 15, 2017, states as follows:

(1)    Please admit or deny that you have an active knowledge of the complaint
and supporting documents against you by the plaintiff.

**RESPONSE:**  Defendant objects to this request as palpably improper because it
seeks privileged attorney-client communication, legal impression, and speculative
information.  Subject to and not waiving the foregoing objection, defendant denies.

(2)    Please admit that you are fully familiar with the whole DOCCS Employees
manual handbooks "must" and "shall" mandatory language and rules within it.

**RESPONSE:**  Defendant objects to this request as palpably improper because it
seeks privileged attorney-client, legal impression, and speculative information.  Subject
to and not waiving the foregoing objection, defendant denies.

(3)    Please admit that you have a working active knowledge of the section that
states "you must possess current information that outlines your duties and
responsibilities under departmental policies and directives" in the "forward" section of
the manual.

**RESPONSE:**  Defendant objects to this request as palpably improper because it

(exhibit D)

seeks privileged attorney-client, legal impression, and speculative information.  Subject to and not waiving the foregoing objection, defendant denies.

(4)    Please admit that you have active knowledge of that the employees manual "each employee is issued a copy of this manual"

**RESPONSE:**  Defendant objects to this request as palpably improper because it seeks privileged attorney-client, legal impression, and speculative information.  Subject to and not waiving the foregoing objection, defendant denies.

(5)    Please admit that you have active knowledge of the employees manual that states "further information and guidelines relevant to the employees duties are found in the Departments policy and procedure manual."

**RESPONSE:**  Defendant objects to this request as palpably improper because it seeks privileged attorney-client, legal impression, and speculative information.  Subject to and not waiving the foregoing objection, defendant denies.

(6)    Please admit that you have active knowledge of the complaints allegations of your use of the block isolation policy you used in paraghs (sic) #23-45, 59-64, 79-80, 87, 187, 224, 227-9, 233-39, 243, 245-6, 250-1.

**RESPONSE:**  Defendant objects to this request as palpably improper because it seeks privileged attorney-client, legal impression, and speculative information.  Subject to and not waiving the foregoing objection, defendant denies.

(7)    Please admit that you violated employee manual rule "2.1 Personal conduct. No employee…shall so camport (sic) himself as to reflect discredit upon the department or it's personnel" a rule that your are required to abide by.

2

**RESPONSE:**  Defendant objects to this request as palpably improper because it seeks privileged attorney-client, legal impression, legal conclusion, and speculative information.  Subject to and not waiving the foregoing objection, defendant denies.

(8)     Please admit that you violated employee manual rule "2.2 Lawful comportment. An employee shall not knowingly or willfully violate any Law or ordinance of the United States or the State of New York or any rule, regulation or directive of the Department..." when you applied an unwritten 9 block isolation policy against plaintiff.

**RESPONSE:**  Defendant objects to this request as palpably improper because it seeks privileged attorney-client, legal impression, legal conclusion, and speculative information.  Subject to and not waiving the foregoing objection, defendant denies.

(9)     Please admit that you violated Employee manual rule "2.12 Language. An employee shall refrain from the use of indecent, profane, or abusive language or gestures while on duty" at both appearances 3/28/07 and 5/9/07 at the program committee as alleged in the complaint paraghs (sic) #23-45, 59-64, 79-80, 87, 187, 224, 227-9, 233-39, 243, 245-6, 250-1.

**RESPONSE:**  Defendant objects to this request as palpably improper because it seeks privileged attorney-client, legal impression, legal conclusion, and speculative information.  Subject to and not waiving the foregoing objection, defendant denies.

(10)    Please admit that you violated Employee manual rule "6.11...Every employee shall discharge his duties and comport himself, so as to carry out the programs and policies of the department..." of 9 block isolation, against only the petitioner.

3



**RESPONSE:** Defendant objects to this request as palpably improper because it seeks privileged attorney-client, legal impression, legal conclusion, and speculative information. Subject to and not waiving the foregoing objection, defendant denies.

(11)   Please admit that you violated Employee manual rule "2.8 Non discrimination. No employee shall discriminate against any person on the basis of race, color..."When you used racial religion" and religious derogatory remarks at plaintiff in his 3/28/07 appearance outlined in the complaint paragh (sic) #s 23-45, 59-64, 79-80, 87, 187, 224, 277-9, 233-39, 243, 245-6, 250-1.

**RESPONSE:** Defendant objects to this request as palpably improper because it seeks privileged attorney-client, legal impression, legal conclusion, and speculative information. Subject to and not waiving the foregoing objection, defendant denies.

(12)   Please admit that you violated Employee manual rule "101.3 knowledge of rules. Every employee shall have a working knowledge of the contents fo the employees manual with Department, institutional or office rules, regulations, directives and procedures and laws of the State of New York which have a bearing upon his power and duties" When you improperly isolated plaintiff to only 9 block programs and used abusive language and racial and religious discriminations against plaintiff as alleged in the complaint paragh (sic) #s above.

**RESPONSE:** Defendant objects to this request as palpably improper because it seeks privileged attorney-client, legal impression, legal conclusion, and speculative information. Subject to and not waiving the foregoing objection, defendant denies.

State Laws
Employees manual directly connected to State and Federal Laws

4

(13)    Please admit that you violated Employees manual's "Forward...every employee is to exercise courtesy, tact and understanding in his...dealings with inmates...under his supervision and act in accordance with the rules and regulations contained in the manual..."Did you comply with these expectations when you isolated plaintiff to 9 block programs only. Along with the other many violations, outlined in the complaint regarding you.

**RESPONSE:**  Defendant objects to this request as palpably improper because it seeks privileged attorney-client, legal impression, legal conclusion, and speculative information.  Subject to and not waiving the foregoing objection, defendant denies.

(14)    Please admit that you have active knowledge of the Employees manual "foreword...further information and guidelines relevant...the correctional law...civil service law, Title 7 codes...All employees are expected to know and understand and act in accordance...violations may be cause for appropriate disciplinary or administrative action..."

**RESPONSE:** Defendant objects to this request as palpably improper because it seeks privileged attorney-client, legal impression, legal conclusion, and speculative information.  Subject to and not waiving the foregoing objection, defendant denies.

### State Law

(15)    Please admit whether you filed your block isolation policy outlined in the complaint paragh (sic) #s (above) with "State Administrative Procedure ACT, Chapter

5

*echibreD)*

82, 202 Rule making procedure 1) Notice of proposed rule making (a) prior to the adoption of a rule, an agency shall submit a Notice of Proposed rule making to the secretary of state for publication"

**RESPONSE:** Defendant objects to this request as palpably improper because it seeks privileged attorney-client, legal impression, legal conclusion, and speculative information.  Subject to and not waiving the foregoing objection, defendant denies.

(16)    Please admit whether your block isolation policy applied to an entire facility or to an individual inmate (Plaintiff) under the clearly established widely known Chambers v. Loughlin 76 Ad 2d980 stating "...if it were meant to be applied to an individual inmate it is ineffective since, it does not have the force of a regulation. No rule or regulation is made effective by any state department...officer...authority...is effective until it is filed in the office of the department of state..." Did you apply it to the whole facility and when or did you apply if individually to only plaintiff and when.

·    **RESPONSE:** Defendant objects to this request as palpably improper because it seeks privileged attorney-client, legal impression, legal conclusion, and speculative information.  Subject to and not waiving the foregoing objection, defendant denies.

(17)    Please admit why you did not give plaintiff a 2nd program at the 3/28/07 appearance and at the 5/9/07 appearances before you, in detail.

**RESPONSE:** Defendant objects to this request as palpably improper because it seeks privileged attorney-client, legal impression, legal conclusion, and speculative information.  Subject to and not waiving the foregoing objection, defendant denies. Improper form interrogatory.

6

(18)   Please admit whether you logged this reason in plaintiffs file. Where?

**RESPONSE:** Defendant objects to this request as palpably improper because it seeks privileged attorney-client, legal impression, legal conclusion, and speculative information.  Subject to and not waiving the foregoing objection, defendant denies.

Directives 4802/4803 Programs

(19)   Please admit is it mandatory to have two 2 programs and if so why you did not give plaintiff a 2nd program per this mandatory 2nd program rule or policy at both his appearances before you.

**RESPONSE:** Defendant objects to this request as palpably improper because it seeks privileged attorney-client, legal impression, legal conclusion, and speculative information.  Subject to and not waiving the foregoing objection, defendant denies. Improper form interrogatory.

(20)   Please admit why you left plaintiff "unassigned" in your 4/11/07 grievances response if it was mandatory to have two (2) programs.

**RESPONSE:** Defendant objects to this request as palpably improper because it seeks privileged attorney-client, legal impression, legal conclusion, and speculative information.  Subject to and not waiving the foregoing objection, defendant denies. Improper form interrogatory.

(21)   Please admit that Dir. 4802 has a program schedule of half time and full

7


(exhibit D)

time work hours and what do each mean when programing an inmate.

**RESPONSE:** Defendant objects to this request as palpably improper because it seeks privileged attorney-client, legal impression, legal conclusion, and speculative information. Subject to and not waiving the foregoing objection, defendant denies. Improper form interrogatory.

> State Law Correctional
> Law 138.1-6 Employee
> Manual Reference

(22)    Please admit that your Employees manual in the "Foreward" makes you bound to kowledge (sic) of "correction a law".

**RESPONSE:** Defendant objects to this request as palpably improper because it seeks privileged attorney-client, legal impression, legal conclusion, and speculative information. Subject to and not waiving the foregoing objection, defendant denies.

(23)    Please admit that correctional law dictates that subdivisions 1-3 employees must give inmates notice of rules, directives etc. prior to attempting to enforce them in corr. Law 138.

**RESPONSE:**  Defendant objects to this request as palpably improper because it seeks privileged attorney-client, legal impression, legal conclusion, and speculative information.  Subject to and not waiving the foregoing objection, defendant denies.

(24)    Please admit acknowledgment that correctional Law 138.1-6 is a clearly established law to correctional staff per Gaston v. Loughlin 81 FS 2d381 as a first amendment right.

**RESPONSE:** Defendant objects to this request as palpably improper because it

seeks privileged attorney-client, legal impression, legal conclusion, and speculative information.  Subject to and not waiving the foregoing objection, defendant denies. Improper form interrogatory.

(25)    Please admit active knowledge that your block isolation policy had to abide by correctional law 138.1-6 laws prior to denial of a second/2nd program based on your policy.

**RESPONSE**: Defendant objects to this request as palpably improper because it seeks privileged attorney-client, legal impression, legal conclusion, and speculative information.  Subject to and not waiving the foregoing objection, defendant denies.

(26)    Please admit that in plaintiffs 3/28/07 grievance that he speciafically requested that you "produce" this block isolation policy in writing per correctional law 138.1-3.

**RESPONSE**: Defendant objects to this request as palpably improper because it seeks privileged attorney-client, legal impression, legal conclusion, and speculative information.  Subject to and not waiving the foregoing objection, defendant denies.

(27)    Please admit active knowledge that you did not ever produce a block isolation policy to plaintiff or the facility administration.

**RESPONSE**:  Defendant objects to this request as palpably improper because it seeks privileged attorney-client, legal impression, legal conclusion, and speculative information.  Subject to and not waiving the foregoing objection, defendant denies.

(28)    Please admit active knowledge that you informed Thomas Tanea to use that same block isolation against plaintiff.

9

(exhibit D)

**RESPONSE**:  Defendant objects to this request as palpably improper because it seeks privileged attorney-client, legal impression, legal conclusion, and speculative information.  Subject to and not waiving the foregoing objection, defendant denies.

(29)   Please admit that you were called to testify at a disciplinary hearing in which plaintiff was given a disciplinary report by Thomas Tanea for refusing a 9 block program, exactly ~~with~~ what plaintiff did refusing a 9 block program in front of you.

**RESPONSE**:  Defendant objects to this request as palpably improper because it seeks privileged attorney-client, legal impression, legal conclusion, and speculative information.  Subject to and not waiving the foregoing objection, defendant denies.

(30)   Please admit active knowledge per complaint paraghs (sic) (above) that plaintiff filed a 5/11/07 correctional law complaint against you for continuing to use the 9 block isolation policy in the 5/9/07 appearce (sic) in violation of corr. Law 138.1-3 No Notice Section.

**RESPONSE**:  Defendant objects to this request as palpably improper because it seeks privileged attorney-client, legal impression, legal conclusion, and speculative information.  Subject to and not waiving the foregoing objection, defendant denies.

(31)   Please admit active knowledge that when you testified at plaintiffs tier hearing that there was nothing in writing regarding block isolation policy.  That you know all ~~did~~ along that you were intentionally violating numerous rules, regulations and laws when you isolated plaintiff to 9 block programs.

**RESPONSE**:  Defendant objects to this request as palpably improper because it seeks privileged attorney-client, legal impression, legal conclusion, and speculative

10

information.  Subject to and not waiving the foregoing objection, defendant denies.

(32)    Please admit active knowledge that your 9 block isolation policy relayed to Thomas Tanea caused the reports against plaintiff to occur.

**RESPONSE**:  Defendant objects to this request as palpably improper because it seeks privileged attorney-client, legal impression, legal conclusion, and speculative information.  Subject to and not waiving the foregoing objection, defendant denies.

(33) Please admit active knowledge that you knew that the Thomas Tanea reports were retaliation's against plaintiff for his appearances before you and a violation of correctional law 138.(4)(5) sections because plaintiff wrote two complaints against you.

**RESPONSE**:  Defendant objects to this request as palpably improper because it seeks privileged attorney-client, legal impression, legal conclusion, and speculative information.  Subject to and not waiving the foregoing objection, defendant denies.

(34)    Please admit active knowledge <u>how do you explain</u> Thomas Taneas (sic) report that you testified at, related directly to you 9 block isolation policy <u>exactly, please explain in detail.</u>

Correctional Law 139<br>Grievance Dir. 4040 "reprisals"

**RESPONSE**: Defendant objects to this request as palpably improper because it seeks privileged attorney-client, legal impression, legal conclusion, and speculative information.  Subject to and not waiving the foregoing objection, defendant denies. Improper form interrogatory.

(35)    Per correctional law 139, established Dir 4040. Please admit your active

11

(exhibit 0)

knowledge of this fact.

**RESPONSE**: Defendant objects to this request as palpably improper because it seeks privileged attorney-client, legal impression, legal conclusion, and speculative information. Subject to and not waiving the foregoing objection, defendant denies.

(36)    Please admit active knowledge that Dir 4040.701.6(b) verifies that no "reprisals" will occur for filing grievances.

**RESPONSE**: Defendant objects to this request as palpably improper because it seeks privileged attorney-client, legal impression, legal conclusion, and speculative information. Subject to and not waiving the foregoing objection, defendant denies.

(37)    Please admit active knowledge that this "reprisal" did occur by your 9 block isolation policy directly against plaintiff through Thomas Taneas (sic) disciplinary report on exactly the same 9 block isolation policy you used againt (sic) plaintiff.

**RESPONSE**:  Defendant objects to this request as palpably improper because it seeks privileged attorney-client, legal impression, legal conclusion, and speculative information.  Subject to and not waiving the foregoing objection, defendant denies.

State Law 7 NYCRR 250.2(e) = "Retaliation or Revenge"

(38)    Please admit that you have active knowledge that 7 NYCRR250.2(e) relates to disciplinary reports cannot be issued for reasons of "retaliation or revenge" and that Thomas Taneas (sic) report was a form of retaliation against plaintiff for filing complaints against you.

**RESPONSE**:  Defendant objects to this request as palpably improper because it seeks privileged attorney-client, legal impression, legal conclusion, and speculative

12

information.  Subject to and not waiving the foregoing objection, defendant denies.

(39)    Please admit in detail why Thomas Tanea would file a report based on the same exact 9 block isolation policy you used against plaintiff.

RESPONSE:  Defendant objects to this request as palpably improper because it seeks privileged attorney-client, legal impression, legal conclusion, and speculative information.  Subject to and not waiving the foregoing objection, defendant denies.

(40)    Please admit in detail why you did not file a disciplinary report against plaintiff for refusing 9 block programs (but Thomas Tanea did) at the 3/28/07 and 5/9/07 appeances (sic).

RESPONSE:  Defendant objects to this request as palpably improper because it seeks privileged attorney-client, legal impression, legal conclusion, and speculative information.  Subject to and not waiving the foregoing objection, defendant denies.

State Laws barring Race and discrimination violations

(41)    Please admit active knowledge that your employees manual states a rule that you cannot violate on "non disrcrimination (sic)" rule 2.8.

RESPONSE: Defendant objects to this request as palpably improper because it seeks privileged attorney-client, legal impression, legal conclusion, speculative information, and the rules speak for themselves.  Subject to and not waiving the foregoing objection, defendant denies unlawful discrimination.

(42)    Please admit active knowledge that your Directive 4803.1V verifies that "race ...religion...discrimination" is barred against inmates by staff.

RESPONSE: Defendant objects to this request as palpably improper because it

13

(exhibit J)

seeks privileged attorney-client, legal impression, legal conclusion, speculative

information, and the rules speak for themselves.  Subject to and not waiving the

foregoing objection, defendant denies unlawful discrimination.

(43)   Please admit active knowledge that <u>Dir. 4040.701.2(f), 701.2(a)</u> barrs (sic)

"Race...Religious" discriminations.

**RESPONSE**:  Defendant objects to this request as palpably improper because it

seeks privileged attorney-client, legal impression, legal conclusion, speculative

information, and the rules speak for themselves.  Subject to and not waiving the

foregoing objection, defendant denies unlawful discrimination.

(44)   Please admit active knowledge that <u>correctional law 610</u> states "are

hereby declared to be and entitled to free exercise and enjoyment of religious

profession and worship without discrimination...the rules and regulations established for

the government of the institutions mentioned in this section shall recognize the right of

inmates to the free exercise of their religious belief..."

**RESPONSE**:  Defendant objects to this request as palpably improper because it

seeks privileged attorney-client, legal impression, legal conclusion, speculative

information, and the rules speak for themselves.  Subject to and not waiving the

foregoing objection, defendant denies unlawful discrimination.

<u>RLUIPA Violations</u>

(45)   Please admit active knowledge that you violated "Religious hand use

institutionalized persons Act... No government shall impose a substantial burden on

14

religious exercise of a person residing in or confined to an institution..." You denied programs "burden" by race and religion "Muslim" "Five percenter" in the 3/28/07 grievance and 5/9/07 appearance. Cutter v. Wilkerson 544US709.

 RESPONSE: Defendant objects to this request as palpably improper because it seeks privileged attorney-client, legal impression, legal conclusion, speculative information, and the rules speak for themselves. Subject to and not waiving the foregoing objection, defendant denies unlawful discrimination.

New York Constitutional
Article 1§3

 (46)   Please admit active knowledge that you violated article 1§3 "Freedom of worship: religious liberty...The free excercise (sic) and enjoyment of religious profession and worship, without discrimination or preference, shall forever be allowed in this state to all mankind..." When you denied plaintiff of a 2nd program using this discrimination at his 3/28/07 and 5/9/07 appearances.

 RESPONSE: Defendant objects to this request as palpably improper because it seeks privileged attorney-client, legal impression, legal conclusion, speculative information, and the rules speak for themselves. Subject to and not waiving the foregoing objection, defendant denies unlawful discrimination.

New York Constitutional Article
1§11

 (47)   Please admit active knowledge of that you violated article "1§11...no person shall be denied the equal protection of the laws of this state or any subdivision there of, no person shall because of race, color, creed or religion be subject to any

15



(exhibit O)

discrimination in his civil rights by any other person...institution...any agency or subdivision of the state..." When you denied plaintiff a 2nd program using this discrimination at his 3/28/07 and 5/9/07 appearances.

**RESPONSE**: Defendant objects to this request as palpably improper because it seeks privileged attorney-client, legal impression, legal conclusion, speculative information, and the rules speak for themselves.  Subject to and not waiving the foregoing objection, defendant denies unlawful discrimination.

<u>Total admission</u>

(48)   Please admit active knowledge that <u>you admitted to making up the block isolation policy at the tier hearing</u>, as it appears in the tier minutes.

**RESPONSE**: Defendant objects to this request as palpably improper because it seeks privileged attorney-client, legal impression, legal conclusion, speculative information, and the rules speak for themselves.  Subject to and not waiving the foregoing objection, defendant denies.

(49)   Please admit active knowledge that this admission at the tier hearing is a known admission to all of plaintiffs rights you violated in this suit and laws clearly established, within DOCCS and the State.

**RESPONSE**:  Defendant objects to this request as palpably improper because it seeks privileged attorney-client, legal impression, legal conclusion, speculative information, and the rules speak for themselves.  Subject to and not waiving the foregoing objection, defendant denies.

16

Dated:  December 15, 2017

ERIC T. SCHNEIDERMAN
Attorney General of the State of New York
*Attorney for Defendant Dignean*

 s/ J. Richard Benitez
J. RICHARD BENITEZ
Assistant Attorney General of Counsel
NYS Office of the Attorney General
144 Exchange Boulevard, Suite 200
Rochester, New York 14614
Telephone:  (585) 546-7430
Richard.benitez@ag.ny.gov

17

(exhibit D)

**CERTIFICATE OF SERVICE**

I certify that on December 15, 2017, I electronically filed Defendant's Response

to Plaintiff's Request for Admission with the Clerk of the District Court using CM/ECF

system, which sent notification of such filing to the following:

1.      n/a

And, I hereby certify that I have served, by the United Parcel Service, the

document to the following non-CM/ECF participant(s):

1.      John Willis Richard
        91-A-0169
        EASTERN CORRECTIONAL FACILITY
        Box 338
        Napanoch, NY 12458-0338

                              ERIC T. SCHNEIDERMAN
                              Attorney General of the State of New York
                              *Attorney for Defendant Dignean*


                               s/ J. Richard Benitez
                              J. RICHARD BENITEZ
                              Assistant Attorney General of Counsel
                              NYS Office of the Attorney General
                              144 Exchange Boulevard, Suite 200
                              Rochester, New York 14614
                              Telephone:  (585) 546-7430
                              Richard.benitez@ag.ny.gov

18

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JOHN WILLIS RICHARD, 91A0169,

               Plaintiff,

      -vs-

FISCHER, et al.,

               Defendants.

*Tarea*

**RESPONSE TO
PLAINTIFF'S REQUEST
FOR ADMISSIONS**

**11-CV-6013**

      As and for his response to Plaintiff's Request for Admissions, received November 15, 2017, states as follows:

      (1)    Please admit or deny that you have an active knowledge of the complaint and supporting documents against you by the plaintiff.

      **RESPONSE:** Defendant objects to this request as palpably improper because it seeks privileged attorney-client, legal impression, and speculative information. Subject to and not waiving the foregoing objection, defendant denies.

      (2)    Please admit that you are fully familiar with the whole DOCCS Employees manual handbooks "must" and "shall" mandatory language and rules within it.

      **RESPONSE:** Defendant objects to this request as palpably improper because it seeks privileged attorney-client, legal impression, and speculative information. Subject to and not waiving the foregoing objection, defendant denies.

      (3)    Please admit that you have a working active knowledge of the section that states "you must possess current information that outlines your duties and responsibilities under departmental policies and directives" in the "forward" section of the manual.

      **RESPONSE:** Defendant objects to this request as palpably improper because it

(exhibit E)

seeks privileged attorney-client, legal impression, and speculative information.  Subject
to and not waiving the foregoing objection, defendant denies.

(4)    Please admit that you have active knowledge that the employees manual
"each employee is issued a copy of this manual"

**RESPONSE:**  Defendant objects to this request as palpably improper because it
seeks privileged attorney-client, legal impression, and speculative information.  Subject
to and not waiving the foregoing objection, defendant denies.

(5)    Please admit that you have active knowledge of the employees manual
that states "further information and guidelines relevant to the employees duties are
found in the Department policy and procedure manual..."

**RESPONSE:**  Defendant objects to this request as palpably improper because it
seeks privileged attorney-client, legal impression, and speculative information.  Subject
to and not waiving the foregoing objection, defendant denies.

(6)    Please admit that you have active knowledge of the complaints allegations
of your use of block isolations policy you used in your disciplinary reports on 6/14/07
and 9/5/07 in complaint paraghs (sic) #(64-74, 81-85, 89-91, 102, 125-135, 155-173,
187, 224, 228-9, 233-239, 243-37, 250-1).

**RESPONSE:**  Defendant objects to this request as palpably improper because it
seeks privileged attorney-client, legal impression, and speculative information.  Subject
to and not waiving the foregoing objection, defendant denies.

(7)    Please admit that you got this same exact block isolation policy/rule from
defendant Dignean to use in retaliation against plaintiff in your disciplinary reports

2

because plaintiff wrote grievance complaints against her.

**RESPONSE:** Defendant objects to this request as palpably improper because it seeks privileged attorney-client, legal impression, and speculative information. Subject to and not waiving the foregoing objection, defendant denies.

(8)     Please admit that in your reading the complaint paragh (sic) #s above = that the block isolation policy of only programing in 9 block is the same isolation policy (that was unwritten) is the very same that you used to write your reports.

**RESPONSE:** Defendant objects to this request as palpably improper because it seeks privileged attorney-client, legal impression, and speculative information. Subject to and not waiving the foregoing objection, defendant denies.

(9)     Please admit what oral or written policy or document you used to isolate plaintiffs programs to only 9 block and where is it now.

**RESPONSE:** Defendant objects to this request as palpably improper because it seeks privileged attorney-client, legal impression, and speculative information. Subject to and not waiving the foregoing objection, defendant denies.

(10)    Please admit active knowledge did you cite this block isolation policy/rule in your reports to foundate (sic) evidence in your reports.

**RESPONSE:** Defendant objects to this request as palpably improper because it seeks privileged attorney-client, legal impression, and speculative information. Subject to and not waiving the foregoing objection, defendant denies.

(11)    Please admit that you violated Employee manual rule "2.1 Personal conduct. No Employee…shall so comport himself as to relect discreit upon the

3


(exhibit E)

department or it's personell (sic)…" a rule that you "shall" abide by.

**RESPONSE:** Defendant objects to this request as palpably improper because it seeks privileged attorney-client, legal impression, and speculative information. Subject to and not waiving the foregoing objection, defendant denies.

(12)   Please admit that you violated Employee manual rule "2.2 Lawful comportment. An employee shall not knowingly or willfully violate any law or ordinance of the United States or the State of New York or any rule, regulation or directive of the Department…" When you applied an unwritten 9 block isolation policy from Defendant Dignean in retaliation against plaintiff in both your 6/14/07 and 9/5/07 reports.

**RESPONSE:** Defendant objects to this request as palpably improper because it seeks privileged attorney-client, legal impression, legal conclusion, and speculative information. Subject to and not waiving the foregoing objection, defendant denies.

(13)   Please admit that you violated Employee manual rule "6.11…Every employee shall discharge his duties and comport himself, so as to carryout the programs and policies of the department…" When you illegally adopted the unwritten policy of only programing in 9 block retaliation from Defendant Dignean against plaintiff.

**RESPONSE:**  Defendant objects to this request as palpably improper because it seeks privileged attorney-client, legal impression, legal conclusion, and speculative information. Subject to and not waiving the foregoing objection, defendant denies.

(14)   Please admit that you violated Employee manual rle "2.8 Non discrimination. No employee shall discriminate against any person on the basis of race, color…religion" When you used racial and religious discrimination retaliation to protect

4

Defendant Dignean that she informed you of (see complaint paraghs (sic) # 24, 59-70)

**RESPONSE:** Defendant objects to this request as palpably improper because it seeks privileged attorney-client, legal impression, legal conclusion, and speculative information.  Subject to and not waiving the foregoing objection, defendant denies.

(15)    Please admit that you violated Employee manual rule "101.3 knowledge of rules. Every employee shall have a working knowledge of the contents of the employees manual with the department, institutional or office rules, regulations, directives and procedures and laws of the state of New York which have a bearing upon his power and duties "When you improperly isolated plaintiff to only 9 block programs and used retaliation, racism, and religious discrimination carried over from Defendant Dignean as outlined in the complaint paragh (sic) #s 64-74, 81-85, 89-91, 102, 125-135, 155-173, 187, 224, 228-8, 233-239, 243-47, 250-1).

**RESPONSE:** Defendant objects to this request as palpably improper because it seeks privileged attorney-client, legal impression, legal conclusion, and speculative information.  Subject to and not waiving the foregoing objection, defendant denies.

State Laws
Employees Manual directly connected to State and Federal Laws

(16)    Please admit that you violated Employees manuals "Forward…every employee is to excercise (sic) courtesy, fact, and understanding in his dealings with inmates…under his supervision, each employee is required to know, understand and act in accordance with the rules and regulations confined in the manual…" Did you comply with all of these expectations when you isolated plaintiff to only 9 block programs along with many other violations outlined in the complaint about you.

5

(exhibtt E)

**RESPONSE:** Defendant objects to this request as palpably improper because it seeks privileged attorney-client, legal impression, legal conclusion, and speculative information.  Subject to and not waiving the foregoing objection, defendant denies.

(17)    Please admit that you have active knowledge of the Employees manual "forward…further information and guidelines relevant…the correctional law…civil service law, Title 7 codes…All employees are expected to know and understand and fact in accordance…violations of any rule regulation or directive may be cause for appropriate disciplinary or administrative action…"

**RESPONSE:** Defendant objects to this request as palpably improper because it seeks privileged attorney-client, legal impression, legal conclusion, and speculative information.  Subject to and not waiving the foregoing objection, defendant denies.

<u>State Law</u>

(18)    Please admit whether you filed your 9 block isolation policy outlined in the complaint paraghs (sic) # 64-74, 81-85, 89-91, 102, 125-135, 155-173, 187, 224, 228-9, 233-39, 243-7, 250-1) with "State Administrative Procedure Act Chapter 82, 202 Rule making Procedure 1) Notice of proposed rule, an agency shall submit a Notice of proposed rule, making to the secretary of state for publication.

**RESPONSE:** Defendant objects to this request as palpably improper because it seeks privileged attorney-client, legal impression, legal conclusion, and speculative information.  Subject to and not waiving the foregoing objection, defendant denies.

(19)    Please admit whether you followed your 9 block policy in violation of <u>9 NYCRR 7006.(2)</u> "2. It is the duty of the administrator of a county penitentiary… to

6

insure that proper discipline is maintained, that rules for conduct of prisoners and the administration of such rules are established in writing "(in effect in 2007).

**RESPONSE:** Defendant objects to this request as palpably improper because it seeks privileged attorney-client, legal impression, legal conclusion, and speculative information. Subject to and not waiving the foregoing objection, defendant denies. Improper form interrogatory.

(20)    Please admit whether your 9 block isolation policy applied to an "entire facility" or " to an individual inmate "(Plaintiff) under the clearly established, widely known Chambers v. Loughlin 76Ad2d980 stating "...if it were meant to be applied to an individual inmate it is ineffective since, it does not have the force of a regulation. No rule or regulation is made effective by any state department...officer...authority...is effective until it is filed in the office of the department of state" Did you apply it to the "entire facility" if so when or did you apply "to an individual inmate" (Plaintiff Richard) and when.

**RESPONSE:** Defendant objects to this request as palpably improper because it seeks privileged attorney-client, legal impression, legal conclusion, and speculative information. Subject to and not waiving the foregoing objection, defendant denies. Improper form interrogatory.

(21)    Please admit why you did not give plaintiff a 2nd program outside of 9 block at this 6/14/07 appearance before you when other programs were open.

**RESPONSE:** Defendant objects to this request as palpably improper because it seeks privileged attorney-client, legal impression, legal conclusion, and speculative information. Subject to and not waiving the foregoing objection, defendant denies.

7


(exhibit E)

Improper form interrogatory.

(22)    Please admit whether you logged this reason in plaintiffs file, where?

**RESPONSE**: Defendant objects to this request as palpably improper because it seeks privileged attorney-client, legal impression, legal conclusion, and speculative information. Subject to and not waiving the foregoing objection, defendant denies. Improper form interrogatory.

(23)    Please admit why you did not respond to plaintiffs 7/22/07, 8/5/07 and 8/19/07 requests to appear before you after your 6/14/07 disciplinary report againt (sic) plaintiff (complaint paragh (sic) #s 155-170).

**RESPONSE**: Defendant objects to this request as palpably improper because it seeks privileged attorney-client, legal impression, legal conclusion, and speculative information. Subject to and not waiving the foregoing objection, defendant denies. Improper form interrogatory.

(24)    Please admit why you did not respond to plaintiffs 6/20/07 grievance (complaint parghs (sic) # 65-71, 101-7 etc.)

**RESPONSE**: Defendant objects to this request as palpably improper because it seeks privileged attorney-client, legal impression, legal conclusion, and speculative information. Subject to and not waiving the foregoing objection, defendant denies. Improper form interrogatory.

(25)    Please admit whey you did not give plaintiff a 2nd program outside of 9 block on 9/5/07 as outlined in the complaint paragh (sic) #s 64-74, 81-85, 89-91, 102, 125-133, 155-173, 187, 224, 228-9, 233-39, 243-47, 250-1).

8

**RESPONSE**: Defendant objects to this request as palpably improper because it seeks privileged attorney-client, legal impression, legal conclusion, and speculative information.  Subject to and not waiving the foregoing objection, defendant denies. Improper form interrogatory.

(26)   Please admit whether you logged this reason in plaintiffs file, where?

**RESPONSE**: Defendant objects to this request as palpably improper because it seeks privileged attorney-client, legal impression, legal conclusion, and speculative information.  Subject to and not waiving the foregoing objection, defendant denies. Improper form interrogatory.

(27)   Please admit that you knew your were retaliating against plaintiff when you wrote the same exact 9 block refusal in the 9/5/07 report after your 6/14/07 report for the very same 9 block refusal of programs.

**RESPONSE**: Defendant objects to this request as palpably improper because it seeks privileged attorney-client, legal impression, legal conclusion, and speculative information.  Subject to and not waiving the foregoing objection, defendant denies.

(28)   Please admit whether other block programs open to plaintiff 9/5/07.

**RESPONSE**: Defendant objects to this request as palpably improper because it seeks privileged attorney-client, legal impression, legal conclusion, and speculative information.  Subject to and not waiving the foregoing objection, defendant denies. Improper form interrogatory.

(29)   Please admit whether you could have give plaintiff a waiting list for a different block program at either or both of the 6/14/07 and 9/5/07 appearances before

9

(exhibit E)

you.

**RESPONSE**: Defendant objects to this request as palpably improper because it seeks privileged attorney-client, legal impression, legal conclusion, and speculative information.  Subject to and not waiving the foregoing objection, defendant denies. Improper form interrogatory.

(30)   Please admit did you testify at plaintiffs hearing for the 6/14/07 hearing that the block isolation policy did not exist for was not in writing.

**RESPONSE**: Defendant objects to this request as palpably improper because it seeks privileged attorney-client, legal impression, legal conclusion, and speculative information.  Subject to and not waiving the foregoing objection, defendant denies. Improper form interrogatory.

State Law
Directives 4802/4803 Programs

(31)   Please admit is it mandatory to have two (2) programs and if so why did you not give Plaintiff a 2nd program per this mandatory and program rule or policy prior to the 6/14/07 report/appearance.

**RESPONSE**: Defendant objects to this request as palpably improper because it seeks privileged attorney-client, legal impression, legal conclusion, and speculative information.  Subject to and not waiving the foregoing objection, defendant denies. Improper form interrogatory.

(32)   Please admit under this mandatory 2nd program rule/policy did you give <u>all</u> <u>inmates</u> who had <u>one program</u> a <u>2nd program while you were program chairman</u>.

10

**RESPONSE**: Defendant objects to this request as palpably improper because it seeks privileged attorney-client, legal impression, legal conclusion, and speculative information.  Subject to and not waiving the foregoing objection, defendant denies.  Improper form interrogatory.

(33)    Please admit that Dir. 4802 has a program schedule "11. Definitions... F. Unassigned halftime...G. Full employed..." Fully explain your interpretation of these sections, of when your programing inmates.

<u>State Law Correctional Law 138.1-6 Employee Manual reference</u>

**RESPONSE**: Defendant objects to this request as palpably improper because it seeks privileged attorney-client, legal impression, legal conclusion, and speculative information.  Subject to and not waiving the foregoing objection, defendant denies.  Improper form interrogatory.

(34)    Please admit that your Employees manual in the "Foreward" makes you bound to knowledge of "Correctional Law."

**RESPONSE**: Defendant objects to this request as palpably improper because it seeks privileged attorney-client, legal impression, legal conclusion, and speculative information.  Subject to and not waiving the foregoing objection, defendant denies.

(35)    Please admit that correctional law dictates that subdivisions 1-3 employees mush give inmates Notice of rules, directives etc. prior to attempting to enforce them in corr. Law 138.1-3 sections.

**RESPONSE**: Defendant objects to this request as palpably improper because it seeks privileged attorney-client, legal impression, legal conclusion, and speculative

11


(Exhibit E)

information.  Subject to and not waiving the foregoing objection, defendant denies.

(36)   Please admit acknowledgement that correctional law 138.1-6 is clearly established law to correctional staff per Gaston v. Laughlin 81FS2d381 as a first amendment right.

**RESPONSE**: Defendant objects to this request as palpably improper because it seeks privileged attorney-client, legal impression, legal conclusion, and speculative information.  Subject to and not waiving the foregoing objection, defendant denies.

(37)   Please admit active knowledge that your block isolation policy had to abide by correctional law 138.1-6 laws prior to denial of a 2nd program based on your blocks isolation policy in your 6/14/07 9/5/07 reports

**RESPONSE**: Defendant objects to this request as palpably improper because it seeks privileged attorney-client, legal impression, legal conclusion, and speculative information.  Subject to and not waiving the foregoing objection, defendant denies.

(38)   Please admit that at the 6/14/07 appearance that plaintiff specifically asked you to produce this block isolation policy in writing per correctional law 138.1-6.

**RESPONSE**: Defendant objects to this request as palpably improper because it seeks privileged attorney-client, legal impression, legal conclusion, and speculative information.  Subject to and not waiving the foregoing objection, defendant denies.

(39)   Please admit active knowledge that you did not ever produce a block isolation policy to plaintiff prior to writing your 6/14/07 and 9/5/07 reports

**RESPONSE**: Defendant objects to this request as palpably improper because it seeks privileged attorney-client, legal impression, legal conclusion, and speculative

12

information.  Subject to and not waiving the foregoing objection, defendant denies.

(40)   Please admit active knowledge that you received the details of 9 block
isolation on <u>only</u> the plaintiff when programing from Defendant Dignean.

RESPONSE: Defendant objects to this request as palpably improper because it
seeks privileged attorney-client, legal impression, legal conclusion, and speculative
information.  Subject to and not waiving the foregoing objection, defendant denies.

(41)   Please admit in detail why both your 6/14/07 and 9/5/07  reports
mirror/similar to Defendant Dignean 9 block isolation policy that was known to be
unwritten.

RESPONSE: Defendant objects to this request as palpably improper because it
seeks privileged attorney-client, legal impression, legal conclusion, and speculative
information.  Subject to and not waiving the foregoing objection, defendant denies.
Improper form interrogatory.

(42)   Please admit active knowledge that after plaintiffs 6/20/07 grievance and
your knowledge of the unwritten block isolation policy did you still write the 9/5/07 report
if this was not a retaliation and violation of Directives 4802, 4803. And corr. Law 138.1-6

> State Law
> Correctional Law 139
> Grievance Dir. 4040
> "reprisals"

RESPONSE: Defendant objects to this request as palpably improper because it
seeks privileged attorney-client, legal impression, legal conclusion, and speculative
information.  Subject to and not waiving the foregoing objection, defendant denies.
Improper form interrogatory.

13

(exhibit E)

(43)   Per correctional law 139, established Dir. 4040. Please admit your active knowledge of this fact.

**RESPONSE**: Defendant objects to this request as palpably improper because it seeks privileged attorney-client, legal impression, legal conclusion, and speculative information.  Subject to and not waiving the foregoing objection, defendant denies.

(44)   Please admit active knowledge that Dir. 4040. 701.6(b) "Reprisals Prohibited..." verifies that no "reprisals" will occur for filing grievances and that you intentionally violated this fact, in your two reports.

**RESPONSE**: Defendant objects to this request as palpably improper because it seeks privileged attorney-client, legal impression, legal conclusion, and speculative information.  Subject to and not waiving the foregoing objection, defendant denies.

<u>RLUIPA Violations</u>

(45)   Please admit active knowledge that you intentionally violated correctional law 138.4.5 sections when you retaliated for Defendant Dignean in writing both your reports.

**RESPONSE**: Defendant objects to this request as palpably improper because it seeks privileged attorney-client, legal impression, legal conclusion, and speculative information.  Subject to and not waiving the foregoing objection, defendant denies.

(46)   Please admit active knowledge that you intentionally violated correctional law 138.4-5 sections when you ignored plaintiffs 7/22/07, 8/5/07, 8/9/07 complaints and grievance against you for writing the 6/20/07 grievance.

State Law 7 NYCRR 250.2(e) "retaliation or revenge"

14

**RESPONSE**: Defendant objects to this request as palpably improper because it seeks privileged attorney-client, legal impression, legal conclusion, and speculative information.  Subject to and not waiving the foregoing objection, defendant denies.

(47)   Please admit that you have active knowledge that 7NYCRR 250.2(e) relates to disciplinary reports cannot be issued for reasons of "retaliation or revenge" and that your retaliations for Defendant Dignean for both of your reports is true.

State Laws barring Race and discrimination violations

**RESPONSE**: Defendant objects to this request as palpably improper because it seeks privileged attorney-client, legal impression, legal conclusion, and speculative information.  Subject to and not waiving the foregoing objection, defendant denies.

(48)    Please admit active knowledge that your employees manual states a rule that you cannot violate on "non discrimination" rule "2.8"

**RESPONSE**: Defendant objects to this request as palpably improper because it seeks privileged attorney-client, legal impression, legal conclusion, speculative information, and the rules speak for themselves.  Subject to and not waiving the foregoing objection, defendant denies unlawful discrimination.

(49)    Please admit active knowledge that your Dir. 4803.IV verifies that "...race, religion...discrimination" is barred against inmates by staff and that you violated it.

**RESPONSE**: Defendant objects to this request as palpably improper because it seeks privileged attorney-client, legal impression, legal conclusion, speculative information, and the rules speak for themselves.  Subject to and not waiving the

15


(exhibit E)

foregoing objection, defendant denies unlawful discrimination.

(50)   Please admit active knowledge that Dir. 4040.701.2 (f), 701.9 (a)…" bars" race…religious" discrimination and that you violated it.

**RESPONSE:** Defendant objects to this request as palpably improper because it seeks privileged attorney-client, legal impression, legal conclusion, speculative information, and the rules speak for themselves.  Subject to and not waiving the foregoing objection, defendant denies unlawful discrimination.

(51)   Please admit active knowledge that correctional law 610, states "are hereby declared to be and entitled to free excercise (sic) and enjoyment of religious profession and worship without discrimination…the rules and regulations established for the government of the institutions mentioned in this section shall recognize the right of inmates to the free excercise (sic) of their religious belief…"that you violated it.

**RESPONSE:** Defendant objects to this request as palpably improper because it seeks privileged attorney-client, legal impression, legal conclusion, speculative information, and the statutes speak for themselves.  Subject to and not waiving the foregoing objection, defendant denies unlawful discrimination.

RLUIPA violations

(52)   Please admit active knowledge that you violated "Religious Land Use Institutionalized Persons Act…No government shall impose a substantial burden on religious excercise (sic) of persons residing in or confined to an institution.." your denied programs was a "burden" by race and religion "Muslim" "Five Percenter" relayed to you by Defendant Dignean (Cutter v. Wilkerson 544US709)

16

**RESPONSE**: Defendant objects to this request as palpably improper because it seeks privileged attorney-client, legal impression, legal conclusion, speculative information, and the cases speak for themselves.  Subject to and not waiving the foregoing objection, defendant denies unlawful discrimination.

(53) Please admit active knowledge that you violated article 1§3 "Freedom of worship religious liberty...The free excercise (sic) and enjoyment of religious profession and worship without discrimination or preference, shall forever be allowed in this state to all mankind..."When you denied plaintiff of a 2nd program in different blocks using this racial and religious discrimination relayed to you by Defendant Dignean in both of your reports.

**RESPONSE**: Defendant objects to this request as palpably improper because it seeks privileged attorney-client, legal impression, legal conclusion, and speculative information.  Subject to and not waiving the foregoing objection, defendant denies.

New York Constitutional Article 1§11

(54)    Please admit active knowledge that you violated article "1§11...no person shall be denied the equal protection of the laws of this state or any subdivision there of no person shall because of race, color, creed or religion be subject to any discrimination in his civil rights by any other person...or institution...any agency or subdivision of the state..." When you denied plaintiff a 2nd program twice in both your reports and plaintiffs requests "7/22/07..." using the unwritten policy relayed to you from Defendant Dignean.

**RESPONSE**: Defendant objects to this request as palpably improper because it seeks privileged attorney-client, legal impression, legal conclusion, and speculative

17


(exhibit. E)

information.  Subject to and not waiving the foregoing objection, defendant denies.

Dated:  December 15, 2017

> ERIC T. SCHNEIDERMAN
> Attorney General of the State of New York
> *Attorney for Defendant Tanea*
>
>
>  s/ J. Richard Benitez
> J. RICHARD BENITEZ
> Assistant Attorney General of Counsel
> NYS Office of the Attorney General
> 144 Exchange Boulevard, Suite 200
> Rochester, New York 14614
> Telephone:  (585) 546-7430
> Richard.benitez@ag.ny.gov

19


(exhibit E)

**CERTIFICATE OF SERVICE**

I certify that on December 15, 2017, I electronically filed Defendant's Response

to Plaintiff's Request for Admission with the Clerk of the District Court using CM/ECF

system, which sent notification of such filing to the following:

1.    n/a

And, I hereby certify that I have served, by the United Parcel Service, the

document to the following non-CM/ECF participant(s):

1.    John Willis Richard
      91-A-0169
      EASTERN CORRECTIONAL FACILITY
      Box 338
      Napanoch, NY 12458-0338

                    ERIC T. SCHNEIDERMAN
                    Attorney General of the State of New York
                    *Attorney for Defendant Tanea*

                     s/ J. Richard Benitez
                    J. RICHARD BENITEZ
                    Assistant Attorney General of Counsel
                    NYS Office of the Attorney General
                    144 Exchange Boulevard, Suite 200
                    Rochester, New York 14614
                    Telephone:  (585) 546-7430
                    Richard.benitez@ag.ny.gov