```
06/20/11     SIPY010      INMATE PROGRAM ASSIGNMENT      *FPMS*        PAGE 001

                    CURRENT FACILITY: 690 - SULLIVAN

            DIN: 91A0169   NAME: RICHARD, JOHN W

   TITLE UNKNOWN                    ITEM 001169   FAC SULLIVAN
    SHOP RECEPTION (1)              FROM 06/20/11 TO        AM/PM     $  .0750
   END REASON:                                                       MTWTFSS
                                                                     YYYYY___


   TITLE UNKNOWN                    ITEM 067169   FAC UPSTATE
    SHOP IDLE/SPECIAL HOUSING (1)   FROM 04/11/11 TO 06/13/11 AM/PM   $  .0000
   END REASON: AUTO CLOSED BY LOCATOR FILE                           MTWTFSS
                                                                     YYYYY___


   TITLE UNKNOWN                    ITEM 066701   FAC AUBURN
    SHOP IDLE, DISCIP(NO PAY)       FROM 03/14/11 TO 03/31/11 AM/PM   $  .0000
   END REASON: AUTO CLOSED BY LOCATOR FILE                           MTWTFSS
                                                                     YYYYY___


   TITLE UNKNOWN                    ITEM 044000   FAC AUBURN
    SHOP UNEMPLOYED/UNASSIGNED (4)  FROM 02/21/11 TO 03/13/11 AM/PM   $  .0750
   END REASON: REMOVED FOR DISCIPLINARY REASONS                      MTWTFSS
                                                                     YYYYY___


   TITLE UNKNOWN                    ITEM 066217   FAC AUBURN
    SHOP IDLE, DISCIP(NO PAY)       FROM 02/14/11 TO 02/20/11 AM/PM   $  .0000
   END REASON: COMPLETED DISCIPLINARY SANCTIONS                      MTWTFSS
                                                                     YYYYY___


   TITLE STUDENT                    ITEM 421204   FAC AUBURN
    SHOP BUILDING MAINTENANCE       FROM 11/22/10 TO 02/13/11  A.M.   $  .1583
   END REASON: REMOVED FOR DISCIPLINARY REASONS                      MTWTFSS
                                                                     YYYYY___


   TITLE UNKNOWN                    ITEM 044000   FAC AUBURN
    SHOP UNEMPLOYED/UNASSIGNED (4)  FROM 09/27/10 TO 02/13/11  P.M.   $  .0750
   END REASON: REMOVED FOR DISCIPLINARY REASONS                      MTWTFSS
                                                                     YYYYY___


   TITLE PHASE II CBT               ITEM 691206   FAC AUBURN
    SHOP PHASE II TS CORE FOUNDATION  FROM 09/27/10 TO 11/21/10  A.M. $  .1583
   END REASON: SUCCESSFULLY COMPLETED PROGRAM                        MTWTFSS
                                                                     YYYYY___


   TITLE UNKNOWN                    ITEM 044000   FAC AUBURN
    SHOP UNEMPLOYED/UNASSIGNED (4)  FROM 08/23/10 TO 09/26/10 AM/PM   $  .0750
   END REASON: REACHED ON WAITING LIST                               MTWTFSS
                                                                     YYYYY___

   TITLE UNKNOWN                    ITEM 043000   FAC AUBURN
    SHOP UNEMPLOYED/UNASSIGNED (3)  FROM 08/16/10 TO 08/22/10 AM/PM   $  .0750
   END REASON: LATERAL PROGRAM CHANGE                                MTWTFSS
                                                                     YYYYY___


   TITLE UNKNOWN                    ITEM 036169   FAC AUBURN
    SHOP FACILITY ORIENTATION       FROM 07/12/10 TO 08/15/10 AM/PM   $  .0750
   END REASON: SUCCESSFULLY COMPLETED PROGRAM                        MTWTFSS
                                                                     YYYYY___
```

(exhibit F)

BATES # 000038

```
06/20/11    SIPY010    INMATE PROGRAM ASSIGNMENT    *FPMS*    PAGE 004

              CURRENT FACILITY: 690 - SULLIVAN

        DIN: 91A0169   NAME: RICHARD, JOHN W

TITLE ASAT PARTICIPANT          ITEM 757244   FAC WENDE
 SHOP ASAT(2)                   FROM 01/28/08 TO 05/11/08  P.M.   $ .1750
END REASON: LATERAL PROGRAM CHANGE                                MTWTFSS
                                                                  YYYYY__

TITLE UNKNOWN                   ITEM 041169   FAC WENDE
 SHOP UNEMPLOYED/UNASSIGNED (1) FROM 01/07/08 TO 01/27/08 AM/PM   $ .0750
END REASON: REACHED ON WAITING LIST                               MTWTFSS
                                                                  YYYYY__

TITLE UNKNOWN                   ITEM 036169   FAC WENDE
 SHOP FACILITY ORIENTATION      FROM 12/31/07 TO 01/06/08 AM/PM   $ .0750
END REASON: SUCCESSFULLY COMPLETED PROGRAM                        MTWTFSS
                                                                  YYYYY__

TITLE UNKNOWN                   ITEM 015169   FAC WENDE
 SHOP RECEPTION (15)            FROM 12/24/07 TO 12/30/07 AM/PM   $ .0750
END REASON: REACHED ON WAITING LIST                               MTWTFSS
                                                                  YYYYY__

TITLE UNKNOWN                   ITEM 067169   FAC UPSTATE
 SHOP IDLE/SPECIAL HOUSING (1)  FROM 10/08/07 TO 12/05/07 AM/PM   $ .0000
END REASON: AUTO CLOSED BY LOCATOR FILE                           MTWTFSS
                                                                  YYYYY__

TITLE UNKNOWN                   ITEM 068000   FAC FIVE POINTS
 SHOP IDLE/SPECIAL HOUSING (2)  FROM 09/24/07 TO 09/26/07 AM/PM   $ .0000
END REASON: AUTO CLOSED BY LOCATOR FILE                           MTWTFSS
                                                                  YYYYY__

TITLE UNKNOWN                   ITEM 041000   FAC FIVE POINTS
 SHOP UNEMPLOYED/UNASSIGNED (1) FROM 07/16/07 TO 09/23/07 AM/PM   $ .0750
END REASON: REMOVED FOR DISCIPLINARY REASONS                      MTWTFSS
                                                                  YYYYY__

TITLE UNKNOWN                   ITEM 068000   FAC FIVE POINTS
 SHOP IDLE/SPECIAL HOUSING (2)  FROM 06/25/07 TO 07/15/07 AM/PM   $ .0000
END REASON: COMPLETED DISCIPLINARY SANCTIONS                      MTWTFSS
                                                                  YYYYY__

TITLE UNKNOWN                   ITEM 042000   FAC FIVE POINTS
 SHOP UNEMPLOYED/UNASSIGNED (2) FROM 04/16/07 TO 06/24/07 EVENING $ .0750
END REASON: REMOVED FOR DISCIPLINARY REASONS                      MTWTFSS
                                                                  YYYYY__

TITLE STUDENT                   ITEM 685061   FAC FIVE POINTS
 SHOP GENERAL BUSINESS (2)      FROM 04/16/07 TO 06/24/07 LATE EV $ .1583
END REASON: REMOVED FOR DISCIPLINARY REASONS                      MTWTFSS
                                                                  YYYYY__

TITLE UNKNOWN                   ITEM 042000   FAC FIVE POINTS
 SHOP UNEMPLOYED/UNASSIGNED (2) FROM 03/12/07 TO 04/15/07 LATE EV $ .0750
END REASON: LATERAL PROGRAM CHANGE                                MTWTFSS
                                                                  YYYYY__
```

BATES # 000041

(exhibit F )

```
06/20/11      SIPY010      INMATE PROGRAM ASSIGNMENT      *FPMS*        PAGE 005

                    CURRENT FACILITY: 690 - SULLIVAN

            DIN: 91A0169   NAME: RICHARD, JOHN W

   TITLE STUDENT                    ITEM 455004   FAC FIVE POINTS
    SHOP ELECTRICAL TRADES (3)       FROM 03/12/07 TO 04/15/07 EVENING  $  .1583
   END REASON: ADMINISTRATIVE ERROR                                    MTWTFSS
                                                                       YYYYY__

   TITLE UNKNOWN                     ITEM 068000   FAC FIVE POINTS
    SHOP IDLE/SPECIAL HOUSING (2)    FROM 02/26/07 TO 03/11/07 AM/PM    $  .0000
   END REASON: COMPLETED DISCIPLINARY SANCTIONS                        MTWTFSS
                                                                       YYYYY__

   TITLE STUDENT                     ITEM 685052   FAC FIVE POINTS
    SHOP GENERAL BUSINESS (2)        FROM 02/12/07 TO 02/25/07 LATE.EV  $  .1583
   END REASON: REMOVED FOR DISCIPLINARY REASONS                        MTWTFSS
                                                                       YYYYY__

   TITLE PROGRAM AIDE II             ITEM 630428   FAC FIVE POINTS
    SHOP LIBRARY (1)                 FROM 01/15/07 TO 02/25/07  P.M.    $  .2416
   END REASON: REMOVED FOR DISCIPLINARY REASONS                        MTWTFSS
                                                                       YYYYY__

   TITLE UNKNOWN                     ITEM 042000   FAC FIVE POINTS
    SHOP UNEMPLOYED/UNASSIGNED (2)   FROM 01/08/07 TO 01/14/07 EVENING  $  .0750
   END REASON: REACHED ON WAITING LIST                                 MTWTFSS
                                                                       YYYYY__

   TITLE STUDENT                     ITEM 685066   FAC FIVE POINTS
    SHOP GENERAL BUSINESS (2)        FROM 01/08/07 TO 02/11/07 LATE EV  $  .1583
   END REASON: LATERAL PROGRAM CHANGE                                  MTWTFSS
                                                                       YYYYY__

   TITLE UNKNOWN                     ITEM 041000   FAC FIVE POINTS
    SHOP UNEMPLOYED/UNASSIGNED (1)   FROM 01/01/07 TO 01/07/07 AM/PM    $  .0750
   END REASON: REMOVED AT INMATES REQUEST                              MTWTFSS
                                                                       YYYYY__

   TITLE UNKNOWN                     ITEM 068000   FAC FIVE POINTS
    SHOP IDLE/SPECIAL HOUSING (2)    FROM 12/18/06 TO 12/31/06 AM/PM    $  .0000
   END REASON: COMPLETED DISCIPLINARY SANCTIONS                        MTWTFSS
                                                                       YYYYY__

   TITLE INDUSTRIES WORKER I         ITEM 913201   FAC FIVE POINTS
    SHOP FOOD TRAINING               FROM 12/11/06 TO 12/17/06 AM/PM/E  $  .2500
   END REASON: REMOVED FOR DISCIPLINARY REASONS                        MTWTFSS
                                                                       YYYYY__

   TITLE INDUSTRIES WORKER I         ITEM 913109   FAC FIVE POINTS
    SHOP FOOD TRAINING               FROM 11/20/06 TO 12/10/06 PM/EVE   $  .2500
   END REASON: LATERAL PROGRAM CHANGE                                  MTWTFSS
                                                                       YYYYY__

   TITLE INDUSTRIES WORKER I         ITEM 922114   FAC FIVE POINTS
    SHOP IND. FOOD SERVICE-NON TRAINING FROM 05/22/06 TO 11/19/06 PM/EVE $ .2500
   END REASON: REACHED ON WAITING LIST                                 MTWTFSS
                                                                       YYYYY__
```

(exhibit F)

BATES # 000042

```
06/20/11    SIPY010    INMATE PROGRAM ASSIGNMENT    *FPMS*      PAGE 006

                CURRENT FACILITY: 690 - SULLIVAN

          DIN: 91A0169    NAME: RICHARD, JOHN W

TITLE UNKNOWN                        ITEM 068000   FAC FIVE POINTS
  SHOP IDLE/SPECIAL HOUSING (2)       FROM 03/06/06 TO 05/21/06 AM/PM    $  .0000
END REASON: COMPLETED DISCIPLINARY SANCTIONS                            MTWTFSS
                                                                        YYYYY__

TITLE INDUSTRIES WORKER III          ITEM 913030   FAC FIVE POINTS
  SHOP FOOD TRAINING                  FROM 02/20/06 TO 03/05/06 PM/EVE   $  .3200
END REASON: REMOVED FOR DISCIPLINARY REASONS                           MTWTFSS
                                                                        YYYYY__

TITLE INDUSTRIES WORKER I            ITEM 913023   FAC FIVE POINTS
  SHOP FOOD TRAINING                  FROM 01/30/06 TO 02/19/06 PM/EVE   $  .2500
END REASON: LATERAL PROGRAM CHANGE                                     MTWTFSS
                                                                        YYYYY__

TITLE INDUSTRIES WORKER I            ITEM 922116   FAC FIVE POINTS
  SHOP IND. FOOD SERVICE-NON TRAINING FROM 02/14/05 TO 01/29/06 PM/EVE   $  .2500
END REASON: REACHED ON WAITING LIST                                    MTWTFSS
                                                                        YYYYY__

TITLE STUDENT                        ITEM 403060   FAC FIVE POINTS
  SHOP ELECTRICAL TRADES              FROM 01/31/05 TO 02/13/05  P.M.    $  .1583
END REASON: REMOVED AT INMATES REQUEST                                 MTWTFSS
                                                                        YYYYY__

TITLE UNKNOWN                        ITEM 042000   FAC FIVE POINTS
  SHOP UNEMPLOYED/UNASSIGNED (2)      FROM 01/03/05 TO 02/13/05  A.M.    $  .0750
END REASON: REMOVED AT INMATES REQUEST                                 MTWTFSS
                                                                        YYYYY__

TITLE STUDENT                        ITEM 403065   FAC FIVE POINTS
  SHOP ELECTRICAL TRADES              FROM 01/03/05 TO 01/30/05  P.M.    $  .1583
END REASON: LATERAL PROGRAM CHANGE                                     MTWTFSS
                                                                        YYYYY__

TITLE INDUSTRIES WORKER I            ITEM 922156   FAC FIVE POINTS
  SHOP IND. FOOD SERVICE-NON TRAINING FROM 12/13/04 TO 01/02/05 PM/EVE   $  .1600
END REASON: REACHED ON WAITING LIST                                    MTWTFSS
                                                                        YYYYY__

TITLE INDUSTRIES WORKER I            ITEM 922217   FAC FIVE POINTS
  SHOP IND. FOOD SERVICE-NON TRAINING FROM 12/06/04 TO 12/12/04 AM/PM/E  $  .1600
END REASON: LATERAL PROGRAM CHANGE                                     MTWTFSS
                                                                        YYYYY__

TITLE INMATE MOBILITY ASSISTANT 1    ITEM 110302   FAC FIVE POINTS
  SHOP B BLOCK (1)                    FROM 10/18/04 TO 12/05/04  A.M.    $  .2000
END REASON: REMOVED AT INMATES REQUEST                                 MTWTFSS
                                                                        YYYYY__

TITLE INMATE MOBILITY ASSISTANT 1    ITEM 110303   FAC FIVE POINTS
  SHOP B BLOCK (1)                    FROM 10/18/04 TO 12/05/04  P.M.    $  .2000
END REASON: REMOVED AT INMATES REQUEST                                 MTWTFSS
                                                                        YYYYY__
```

BATES # 000043

(exhibit F)

```
06/20/11      SIPY010      INMATE PROGRAM ASSIGNMENT      *FPMS*      PAGE 008

                    CURRENT FACILITY: 690 - SULLIVAN

            DIN: 91A0169   NAME: RICHARD, JOHN W

TITLE INDUSTRIES WORKER I          ITEM 922527   FAC ELMIRA
  SHOP IND. FOOD SERVICE-NON TRAINING FROM 09/09/02 TO 12/15/02 PM/EVE    $ .1600
END REASON: REMOVED FOR DISCIPLINARY REASONS                          MTWTFSS
                                                                      YYYYY__

TITLE UNKNOWN                       ITEM 068997   FAC ELMIRA
  SHOP IDLE/SPECIAL HOUSING (2)       FROM 08/19/02 TO 09/08/02 AM/PM    $ .0000
END REASON: COMPLETED DISCIPLINARY SANCTIONS                          MTWTFSS
                                                                      YYYYY__

TITLE INDUSTRIES WORKER I          ITEM 922509   FAC ELMIRA
  SHOP IND. FOOD SERVICE-NON TRAINING FROM 07/22/02 TO 08/18/02 PM/EVE    $ .1600
END REASON: REMOVED FOR DISCIPLINARY REASONS                          MTWTFSS
                                                                      YYYYY__

TITLE STUDENT                      ITEM 426227   FAC ELMIRA
  SHOP SMALL ENGINE REPAIR           FROM 07/15/02 TO 07/21/02  P.M.    $ .1583
END REASON: REACHED ON WAITING LIST                                   MTWTFSS
                                                                      YYYYY__

TITLE UNKNOWN                       ITEM 050148   FAC ELMIRA
  SHOP UNEMPLOYED/UNASSIGNED (10)    FROM 03/25/02 TO 07/14/02  P.M.    $ .0750
END REASON: REMOVED FOR PROGRAMMATIC REASONS NOT LISTED               MTWTFSS
                                                                      YYYYY__

TITLE PORTER I                     ITEM 602967   FAC ELMIRA
  SHOP PHYSCIAL EDUCATION (3)        FROM 03/25/02 TO 07/21/02  A.M.    $ .1000
END REASON: REACHED ON WAITING LIST                                   MTWTFSS
                                                                      YYYYY__

TITLE PHASE I TS ORIENTATION       ITEM 690156   FAC ELMIRA
  SHOP PHASE I TS ORIENTATION        FROM 03/11/02 TO 03/24/02 AM/PM    $ .1000
END REASON: PROMOTED OR SUCCESSFULLY COMPLETED PROGRAM                MTWTFSS
                                                                      YYYYY__

TITLE UNKNOWN                       ITEM 020111   FAC ELMIRA
  SHOP RECEPTION (20)                FROM 03/04/02 TO 03/10/02 AM/PM    $ .0750
END REASON: INITIAL ASSIGNMENT                                        MTWTFSS
                                                                      YYYYY__

TITLE STUDENT                      ITEM 572437   FAC UPSTATE
  SHOP TUTORING (1)                  FROM 11/20/01 TO 02/21/02 EVENING $ .0000
END REASON: TRANSFERRED OR RELEASED                                   MTWTFSS
                                                                      YYYYY__

TITLE THERAPEUTIC PARTICIPANT I    ITEM 067169   FAC UPSTATE
  SHOP IDLE/SPECIAL HOUSING (1)      FROM 11/05/01 TO 02/25/02 AM/PM    $ .0000
END REASON: AUTO CLOSED BY INMATE ACCOUNTS                            MTWTFSS
                                                                      YYYYY__

TITLE UNKNOWN                       ITEM 068320   FAC AUBURN
  SHOP IDLE/SPECIAL HOUSING (2)      FROM 10/08/01 TO 10/19/01 AM/PM    $ .0000
END REASON: AUTO CLOSED BY INMATE ACCOUNTS                            MTWTFSS
                                                                      YYYYY__
```

exhibit F

BATES # 000045

**NEW YORK STATE**
**DEPARTMENT OF CORRECTIONAL SERVICES**

**FIVE POINTS CORRECTIONAL FACILITY**

*M E M O R A N D U M*

TO :        DSP ZENZEN

FROM :      SR. CC DIGNEAN   *Sr CC Dignean*

DATE :      4/11/07

SUBJECT :   RICHARD, J. 91A0169 9-A1-18T
            FPT-17029-07

　　　　RICHARDS, J. 91A0169 WROTE ME REQUESTING TO BE SEEN AT
PROGRAM COMMITTEE TO PICK A SECOND PROGRAM. I RETURNED A
RESPONSE TO HIM ON 3/26/07 INFORMING HIM THAT HE WOULD BE
SCHEDULED FOR PROGRAM COMMITTEE. HE WAS PLACED ON A PROGRAM
COMMITTEE CALLOUT ON 3/28/07.
　　　　RICHARDS DEMANDED A JOB IN 10 BLOCK. HE IS HOUSED IN 9
BLOCK. I EXPLAINED TO HIM THAT THE FACILITY DOESN'T MOVE INMATES
FROM ONE BLOCK TO ANOTHER FOR PORTER OR UTILITY ASSIGNMENTS. HE
CONTINUED TO DEMAND TO BE MOVED TO 10 BLOCK FROM 9 BLOCK. I
AGAIN INFORMED HIM THAT PROGRAM COMMITTEE DOESN'T DO BLOCK MOVES
UNLESS REQUIRED BY A PROGRAM NEED. HE CONTINUED TO ARGUE WITH ME
ABOUT BEING MOVED AND GETTING A JOB ON 10 BLOCK. I OFFERRED HIM
A PORTER,REC AIDE,OR UTILITY GANG ON 9 BLOCK. HE REFUSED THESE
PROGRAMS AND AGAIN DEMANDED TO BE MOVED TO 10 BLOCK. I NEVER
OFFERED HIM A PROGRAM AS A MOBILITY ASSISTANT.
　　　　I DID DISCUSS RICHARD'S DISCIPLINARY RECORD WITH HIM AS I
DO WITH ALL INMATES AT PROGRAM COMMITTEE.HIS DISCIPLINARY RECORD
CONSISTS OF WEAPONS, DRUGS, ASSAULT ON INMATES, UNAUTHORIZED
ORGANIZATION ACTIVITY, LEWD CONDUCT,NUMEROUS FIGHTS, AND
NUMEROUS TIER 2'S. DISCIPLINARY HISTORY IS A FACTOR WHEN
PROGRAMMING INMATES WITHIN A CORRECTIONAL FACILITY.
　　　　I NEVER MADE ANY RACIAL STATEMENTS, NEGATIVE RELIGIOUS
STATEMENTS, OR STATEMENTS REGARDING HIS INTELLIGENCE.I ALSO
NEVER MADE THE STATEMENT "YOU SHOULD BE IN PRISON THE REST OF
YOU LIFE". I NEVER USED ANY VULGARITY TOWARDS RICHARD DURING THE
CONVERSATION.
　　　　RICHARD LEFT THE ROOM STATING HE DOESN'T WANT ANY OF THOSE
PROGRAMS. HE WAS LEFT UNASSIGND FOR A HALF MOD.

(exh, b/f A)

(exh, b/f 6)

| | |
|---|---|
| Lt. Giannino: | If you do, you have to ask them through me.  And if I feel that they are in fact pertinent to this hearing, I will allow them.  Do you understand that? |
| Inmate: | Yes. |
| Lt. Giannino: | Okay. |
| Inmate: | Uh, was it intent to give me a 9 block programs than uh, isolation to keep me in 9 block. |
| Lt. Giannino: | Uh, Mr. Tanea, was your assignment of inmate Richard in 9 block uh, some type of way of keeping him in 9 block? |
| SCC Tanea: | No. |
| Inmate: | Is there anything in writing that verifies, saying that uh, pro, we have to program by the blocks were in? |
| Lt. Giannino: | Is there anything uh, in the policy or uh, statement that uh, would keep an inmate in the block that he's in as far as his program assignment? |
| SCC Tanea: | As far as his program assignment? |
| Lt. Giannino: | Yeah. |
| SCC Tanea: | Like what?  I, because we move inmates for ASAT or ART and things like that. |
| Lt. Giannino: | Okay, uh, but |
| SCC Tanea: | For, recommended programs. |
| Lt. Giannino: | Okay, well, if he's like in 9 block, |
| SCC Tanea: | Yes. |
| Lt. Giannino: | If he's housing in 9 block is it uncommon for an inmate to be assigned to another block? |
| Inmate: | Objection, objection, I didn't say it was uncommon?  I said in writing |
| Lt. Giannino: | Oh, okay, in writing? |
| Inmate: | In writing |

Page 5

(exhibit H)

BATES # 000012

| | |
|---|---|
| Lt. Giannino: | Was it in writing? |
| SCC Tanea: | Is it in writing? |
| Lt. Giannino: | Yeah, that he has to uh, remain in 9 block as far as the program assignment's concerned? |
| SCC Tanea: | No. |
| Lt. Giannino: | Okay, any other questions? |
| Inmate: | (unintel) right now. |
| Lt. Giannino: | Alright, thank you Mr. Tanea, Mr. Tanea is do, you know if Ms. Dignean is working today? |
| SCC Tanea: | Yes, she is. |
| Lt. Giannino: | Is she at an extension I can reach her? |
| SCC Tanea: | Check 4305. |
| Lt. Giannino: | 4305, thank you for your time. |
| SCC Tanea: | Okay, bye. |
| Lt. Giannino: | Yup, bye.  (Dialing phone). |
| W. Kerry: | Guidance, Wendy speaking. |
| Lt. Giannino: | Wendy, Lt. Giannino, I'm looking for Ms. Dignean. |
| W. Kerry: | Just a moment. |
| SCC Dignean: | Dignean |
| Lt. Giannino: | Hi, Dignean, this is Lt. Giannino how are you? |
| SCC Dignean: | Good, what's up? |
| Lt. Giannino: | Uh, I am in the middle of a Tier II hearing, that I'm holding on an inmate Richard. |
| SCC Dignean: | Uh, huh. |
| Lt. Giannino: | He was issued a misbehavior report by Mr. Tanea. |

Page 6

(exhibit 1)

BATES # 000013

| | |
|---|---|
| SCC Dignean: | Yes. |
| Lt. Giannino: | On June 14th at around 9 am for uh, the charge is 180.18 program committee procedures.  Uh, and inmate Richard has requested you as a witness.  Uh, are you familiar with inmate Richard? |
| SCC Dignean: | Yes, I am. |
| Lt. Giannino: | Okay, uh, can you tell me is this misbehavior report that was issued by Mr. Tanea any form of retaliation for uh, supposedly he had filed some grievances against you and the uh, program committee is this in any form of a retaliation? |
| SCC Dignean: | No. |
| Lt. Giannino: | Okay, are you familiar with some grievances that inmate Richard filed? |
| SCC Dignean: | Yes, he's filed one grievance on me. |
| Lt. Giannino: | Okay.  Alright at this point inmate Richard do you have any questions for Ms. Dignean? |
| Inmate: | Yes, uh, if she refused to assign me the programs that I requested both times (unintel) is it in writing that I have to stay in 9 block for programming? |
| Lt. Giannino: | Uh, did you hear the question Ms. Dignean? |
| SCC Dignean: | I didn't. |
| Lt. Giannino: | Alright, he's, his question is, is it ah you know him being in 9 building, does he have to stay in 9 building as far as programming? |
| SCC Dignean: | That would be up to the program committee chairperson right now. |
| Lt. Giannino: | Okay, |
| Inmate: | I asked if that was in writing that she can do that, she can |
| Lt. Giannino: | Alright is it in writing someplace that uh, he has to remain in 9 building as far as a program assignment is concerned as he resides in 9 building? |
| SCC Dignean: | Is it in writing?  I don't believe it is, no. |
| Lt. Giannino: | Okay. |

Page 7

(Exhibit H)

| | |
|---|---|
| Inmate: | I didn't only file a grievance, I filed another, a second complaint on 5/11. I sent her a copy of it. |
| Lt. Giannino: | Uh, Ms. Dignean are you familiar with a civil service complaint that inmate Richard had filed against you? |
| SCC Dignean: | No. |
| Lt. Giannino: | Okay, |
| Inmate: | I, um, did she train the program guy, that uh, |
| Lt. Giannino: | Alright, you have to speak up a little more clearly |
| Inmate: | A prog, a program, did she train the guy that was in the program committee right now, Mr. Tanea. |
| Lt. Giannino: | Uh, have you in any way trained uh, or had anything to do with Mr. Tanea. (tape ends) |
| | Okay today's date is June 18th, 2007 the time is now 11:33 am, my name's Lt. Giannino, this is a continuation of a Tier II hearing being held on inmate Richard, present in the 9 building hearing room with me is. |
| Officer Jones: | Officer Jones |
| Lt. Giannino: | And inmate Richard, name and number? |
| Inmate: | John Richard 91A0169. |
| Lt. Giannino: | And on speaker phone I have uh, Senior Correction Counselor Ms. Dignean. Please identify yourself ma'am. |
| SCC Dignean: | Senior Correction Counselor Dignean. |
| Lt. Giannino: | Okay, uh I guess the last question was uh, before the other tape ended was uh, did you any way have anything to do with the training of Mr. Tanea and his ability to conduct a program committee? |
| SCC Dignean: | Yes. |
| Lt. Giannino: | Okay. |
| Inmate: | Was he present at the time that I appeared before you? |

Page 9

BATES # 000016

( exhibit H )

| | |
|---|---|
| Lt. Giannino: | Alright, Ms. Dignean was he present at any time during inmate Richard's previous program committees that you had held? |
| SCC Dignean: | No. |
| Lt. Giannino: | Okay. |
| Inmate: | Did she speak to him about me? |
| Lt. Giannino: | Ms. Dignean, did you in any way spoken to inmate Tanea, prior to him having, him conducting a program committee about inmate Richard? |
| SCC Dignean: | You mean Senior Counselor Tanea? |
| Lt. Giannino: | Yes. |
| SCC Dignean: | (unintel) (laughs) |
| Lt. Giannino: | I'm sorry what was that? |
| SCC Dignean: | You said inmate Tanea. |
| Lt. Giannino: | I'm sorry, yeah. |
| SCC Dignean: | Oh. |
| Lt. Giannino: | Mr. Tom Tanea, Senior Correction Counselor. |
| SCC Dignean: | He was aware of his case. |
| Lt. Giannino: | Okay. |
| Inmate: | Um, |
| Lt. Giannino: | In what aspect was he aware of his case? |
| SCC Dignean: | Well, he was outside the room when (unintel). |
| Lt. Giannino: | Any other questions? |
| Inmate: | Was there other programs available to me at the time?  That I would appear before you twice? |
| Lt. Giannino: | I don't recall those hearings, I didn't do them?  Were there any other programs available to Mr. Richard, on the both previous occasions, is that what your referring to? |

BATES # 000017

Exhibit H)

| | |
|---|---|
| Inmate: | Yes. |
| Lt. Giannino: | Both previous program committee appearances. |
| SCC Dignean: | Yes, there was. |
| Lt. Giannino: | There was, okay.  Alright thank you for your testimony Ms. Dignean. |
| SCC Dignean: | Yup. |
| Inmate: | (unintel) I know numerous people who don't have, who have one program, it is not necessary to take 2 programs, (unintel) I've been in jail 18 years. (unintel). |
| Lt. Giannino: | (Dialing phone) |
| SCC Tanea: | Program committee, Tanea. |
| Lt. Giannino: | Hello, Mr. Tanea, Lt. Giannino again I am uh, still doing a Tier II hearing on inmate Richard and he is once again requested that you uh, as witness for uh some other questioning, please identify yourself for the record? |
| SCC Tanea: | Thomas Tanea, Senior Counselor for Program Committee. |
| Lt. Giannino: | Okay, uh, your question for Mr. Tanea, |
| Inmate: | Right uh, |
| Lt. Giannino: | Can you ask him |
| Inmate: | What was my program needs? |
| Lt. Giannino: | What's that? |
| Inmate: | What was my program needs? |
| Lt. Giannino: | Uh, do you recall inmate, uh, Mr. Tanea, what inmate Richard's program need was? |
| SCC Tanea: | His program needs are? |
| Lt. Giannino: | Yeah, or was. |
| SCC Tanea: | I could look it up. |

BATES # 000018

United States District Court
Western District of New York

(1. of 8)

John Willis Richard 91A0169   (Exhibit I)
                 Plaintiff

Jennifer Dignean, et, al
              Defendant

Plaintiffs First
Request for Prod-
uction of Documents

11-CV-6013 EAW/mwx

I John Willis Richard, Plaintiff Please
Presents this motion to defendants to the
best of my ability/knowledge. Pursuant to Rule 26
and rule 34 of the federal Rules of Civil Procedure
Plaintiff/I request that the defendants Dignean
and Tanea produce the following documents
within 30 days after service. You ~~are to~~ must
respond to d produce each request separately,
with either production, or objection. If you
object to the request, it must state the
reasons for objection and shall produce to
the extent that is not objectionable. If the
party does not know where the document is
to go request right away, you must make
a reasonable inquiry to find it. This re-
(Exhibit I)

quest may involve asking questions of other people and reviewing relevant records. Rule 34(b) et.al. (34(a)(1))

1) All documents that contain, mention, construe or refer to policies, memorandums on program committee chairman positions/powers at Five Points Correctional Facility, in regards to inmate programing.

2) The program committee policy, memorandum that inmates cannot program outside of their block, once positioned in that block as used by defendants in this complaint.

3) The 9/5/07 disciplinary packet of the report by defendant Tarea, including the tier hearing minutes, disposition sheets, witnesses request/~~dorred~~ denial sheets.

4) 9/18/07 grievance and related documents, investigation(s) reports/responses et.al #FPT 18071-07 (exhibit I)

(3 of 6)

5) DOCCS Employee manual handbook, rule book, given to all DOCCS employee for guidelines of their duties.

6) Five Points facility, cell block move sheets between 3/14/07 - 4/11/07 for the 3/28/07 grievance. <u>Please redack</u>, all inmates names and din #s

7) Five Points facility, cell block move sheets between 4/26/07 - 5/23/07 for the 5/9/07 appearance before ~~Orgean~~ defendant Dignean.

8) Five Points facility, cell block move sheets between 6/1/07 - 6/28/07 for the 6/14/07 disciplinary report by defendant Tanea.

9) Five Points facility, cell block move sheets between 8/26/07 - 9/23/07 for the 9/5/07 disciplinary report by defendant Tanea. (exhibit I)

(4 of 8)

10) Five Points Facility, cell block move sheets between 6/1/10 - 7/30/10 to prove no block isolation policy/memo ever existed from prior grievance's of plaintiff's that was enforced on any other inmates. Please redact all names and din#'s from sheets

11) The "kipy" system and/or open program availability sheets between 3/14/07 - 4/11/07 for 3/28/07 grievance.

12) The "kipy" system and/or open program availability sheets between 4/26/07 - 5/23/07 for the second 5/9/07 appearance before defendant Dignean.

13) The "kipy" system and/or open program availability sheets between 6/1/07 - 6/28/07 for the 6/14/07 disciplinary report by defendant Tanea

(exhibit I)

14) The "kipy" system and/or open program availab
ility sheets between 8/26/-9/23/07 for
the 9/5/07 disciplinary report by defend
ant Tanea.

15) 8/22/07 grievance #FPT 17830-07
packet, including investigation report(s),
response(s) decisions et, al.

16) All disciplinary reports, incidents of racial/
discriminatory actions, gestures, comments o.
retaliation's by defendant Dignean betwee
January 2007- September 2007 while her
Position as Program Committee chair mar
at Five Points Facility.

17) All grievance's filed against defendant
Dignean while at Five Points correctional
Facility. between January 2007-Sept-
ember 2007.

18) All disciplinary reports, incidents of racial
(exhibit I)

(60f8)

, discriminatory actions, gestures, comments or retaliation's by defendant Tanea between April 2007 - June 2008 while his position as program committee chairman at Five Points Facility.

19) All grievances filed against defendant Tanea while at Five Points correctional Facility between April 2007 - June 2008.

20) Five Points Facility cellblock move sheets between July 1st - 14th, please redact all names and #numbers of inmates. This is relevant only if the 2007, 2010 sheets are not available as it shows the block isolation policy was not used as a facility policy and was not used against other inmates.

<u>Reserve Rights</u>

21) I reserve the right to supplement this document production request as defendants answer the motions filed.
(exhibit)

(7 of 8)

I John Richard declares under the penalty of perjury that this Request for documents is true and correct on this 20th day of July 2016.

Dated 7/20/16

C.C. file

Respectfully

John Richard
John Richard
91A0169
Attica Correctional
Facility
PO Box 149
Attica, N.Y. 14011

(exhibit I)

IN THE UNITED STATES DISTRICT COURT

for the WESTERN DISTRICT of NEW YORK

------------------------------------------

JOHN WILLIS RICHARD                                          PLAINTIFFS FIRST
                    Plaintiff                                set of interrogatories
                                                            to defenant JENNIFER
          V                                                  DIGNEAN

JENNIFER DIGNEAN,senior correctional counselor,              CIVIL ACTION
                                                            6;11-cv-6013 EAW?MWP
FIVE POINTS COORRECTIONALY,et al,

                              DEFENDANT

-----------------------------------------------

          In accordance with RULE 26 and RULE 33 of the FEDERAL

RULES of CIVIL PROCEDURE,the PlaintiffE  requests that DEFENDaNT

JENNIFER DIGNEAN ans er the following interrogatories under OATH,

and that the answers be signed by her.Also that this be served on

Plaintiff within 30 days of service of these interrogatories.

          If you cannot answer the following interrogatories in

full, after excercizing due diligence to secure the information to

do so,so state it and answer to the extent possible,specifying your

inability to answer, however you must answer to the best of your

knowledge and information as to the things you do know.

          These interrogatories shall be deemed continuing, so as

to require supplemental answers as new and different information

materializes.

1) Please describe in as much detail as possible, who trained you

for the program committee chairman position?

2)Please describe in as much detail as possible, the training you

received for that position in B regards to DIRECTIVESand facility

POLICIES.

3)Please describe in as much detail as possible, the function of

(exhibrt J)

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------

JOHN WILLIS RICHARD
                    PLAINTIFF

              V                         PLAINTIFFS FIRST SET OF
                                        INTERROGATORIES TO
                                        DEFENDANT THOMAS TANEA
JENNIFER DIGNEAN, Correctional counseelor,

FIVE POINTS CORRECTIONAL FACILITY,et al.    CIVIL ACTION6;11-cv-6013
------------------------------------------------  EAW/MWP

          Inaccordance with rule 26 and RULE 33 of the FEDERAL
RULES of CIVIL PROCEDURE, thePLAINTIFF requests that defendant THOMAS
TANEA answer the following interrogatories under OATH,and that the
answers be signed by him. Also that this be served on Plaintiff
within 30 days of service of these interrogatories.

          If you cannot answer the following interrogatories in
full, after excercizing due diligence to secure the infomation to
do so, so state it and answer' to the extent possible, specifying
your inability to answer, however,you must answer to the best
of your knowledge and information as to the things you do know.

          These interrogatories shall be deemed continuing, so as
to require supplemental answers as new and different information
materializes.

1) Please describe in as much detail as possible,WHO trained you
for the program committee chairman position to follow directives
in effect in 2007, and prior to 6/14/07

2) Please describe in as much detail as possible, identifying what
date you took the position as program committee chairman.

3)Please describe in as much detail as possible, the full function
of a "WAITING LIST" for requested programs.

*(exhibit K)*

United States District Court
Western District of New York

(exhibit L)

John Willis Richard 91A0169
Plaintiff

V

Jennifer Dignean et al
Defendants

Request for 1st
Set of Admission
to Jennifer
Dignean

Doc # 11-CV 6013

Pursuant to Rule 26(b)(1) and Rule 36 of the
federal rules of civil Procedure. Plaintiff requests
that defendant Jennifer Dignean admit/make
admissions of truth of any matter within the
scope of Rule 26(b)(1) set forth in the request
that relate to statements or opinions of fact
or the application of Law to fact, including the
genuiness of any document described in the
request.

## Failure to admit

A defendant that fails to admit an undis-
puted matter may be punished in court etc.
Fed Rule civ. P 37(c)(2) that if on answeri.
Party fails to admit the genuineness of any
document or that or the truth at the

(Exhibit L) (2 of 6)

matter as requested and the plaintiff later
proves it in court" the requesting party
may apply to the court for an order req-
uiring the defendants to pay reasonable
expenses incurred in making that proof..."

## Complete in 30 days

You must respond within 30 days after ser-
vice. If you do not respond in 30 days the
request for admissions will be deemed admit-
ted Fed R Civ P 36(a). Defendants must
either object, stating the reasons for the objec-
tions. Respond "admit" or "deny" or set forth
in detail the reasons why the answering defendants
cannot truthfully admit or deny the matter.
A defendant may not refuse to answer a request
for admissions on the ground that the defendant
does not have the relevant information or
knowledge without first making a reasonable
inquiry into the matter.

Application of State Laws
etc Per 5/12/16 conference
) Per the 5/12/16 conference Hon Wolford

United States District court
Western District of New york

(1 of 18)

John Willis Richard 91A0169
        V         Plaintiff

Jennifer Dignean et al
              Defendants

Request for 1st
Set of Admissions
to Thomas Tanea
Doc.# 11-CV 6013

Pursuant to Rule 26 (b)(1) and Rule 36 of the
federal rules of civil Procedure. Plaintiff requests
that defendant Thomas Tanea admit / make
admissions of truth of any matter within the
scope of Rule 26 (b)(1) set forth in the request
that relate to statements or opinions of fact or
application of Law to fact, including the gen-
uineness of any document described in the
request.

## Failure to admit

A defendant that fails to admit an undisp-
uted matter may be punished in court etc.
Fed Rule civ. P 37 (c)(2) that if an answering
Party fails to admit the genuineness of any
document or the truth of the matter as req-
uested and the plaintiff later proves it in court
for an order requiring the defendants to pay
reasonable expenses incurred in making that
Proof... " ( exhibit m )

(2 of 18)

## Complete in 30 days

You must respond within 30 days after service. If you do not respond in 30 days the request for admissions will be deemed admitted. Fed R Civ P 36(a). Defendants must either object, stating the reasons for the objections. Respond "admit" or "deny" or set forth in detail the reasons why the answering defendants can not truthfully admit or deny the matter. A defendant may not refuse to answer a request for admissions on the ground that the defendant does not have the relevant information or knowledge without first making a reasonable inquiry into the matter.

## Application of State Laws etc, Per 5/12/16 Conference

Per the 5/12/16 conference Hon Wolford authorized the applicability of state Laws, regulations for discovery purposes and upon such review, will consider the applicability of using State Laws, regulations etc, in this suits litigation."

(exhibit mg)

United States District Court
Western District of New York

(1 of 10)

John Willis Richard
            91A0169
         Plaintiff

            V

Jennifer Dignean and
Thomas Tanea
                  Defendants

Response to
Initial Disclosures

11-CV-6013 EAW

Plaintiff received defendant's initial discovery disclosure and position. Plaintiff Response as follows;

A) Plaintiff reserves the right to supplement discovery requests upon the decision and order of the reconsideration presently pending before the district court. As amendment was sought and may apply to restored defendant's that were previously dismissed as defendants.

B) Plaintiff will move this court to reopen discovery if dismissed defendants are restored.

(exhibit A)

(2 of 10)

C) Although your disclosures fails to include the requested documents for discovery, intially outlined in pages 19-30 of my Reply to your motion to dismiss. Please reveneiw it.

D) Of Note your B(2) discovery of disciplinary hearing transcripts testimony of Agnean and Tenea at pages 5-8, 10-12, 14-15, 22-30 actually admits to petition's allegations.

You should really consider these facts for Settlement

E) Additionally, these same hearing transcripts pages above prove your Answer is false! I may have to ask/file a motion to compel you to refile your answer due to the transcripts proofs.

F) I will be calling experts at trial for;
  1) Program committees policies and waiting list definition (You disclosed "inmate program assignment" which proves at many facilities including Fivepoints that I put in for waiting lists programs and recieved them. This is evidence against you! (see pages 1-6, 8-9, 11)

(3 of 10)

A) Inspector General for disciplinary act
ions against staff and code of Silence
tactics etc.

B) Senior Correctional Counselor for effects of
180.18 program refusals.

6) Other than the racial, discrimination, harass-
ment, retaliations for damages. There exists
Program refusal Notification (exn A) which
equals a 180.18 charge for future use against
inst an inmate as it.

1) "may result in... ineligibility for
an area preference transfer. In
addition, refusal to participate may
affect placement in an... Honor
block program housing and family
reunion program" (if and when I
intend toget married) (exn A)

H) These injuries are now an awl long he
guarantee of denials of Honor block, tr-
ansfers and Family reunion program along
with the retaliatory disciplinary actions,
endorsed by un known unwritten rules
designed for me to simply conform to
(exhibit N)

(4 of 10)

(Leev Leashing 6n 390 US 333, Johnson California 543 US 499)
racist, discrimination, intimidation as
indicated in the 9/11/07 Supt. reply, in the
FPT B 17630-07 grievance reply stating?

"Complying with the rules will
assist you in not only receiving
a program assignment, but rema-
ining in a program in order to
learn skills"

I@) Yet there was no written rule of isol-
ating programing in the block you're in
"rules in existance to follow as the hearing
minutes pages 7-8

"Lt. Giannino: Alright is it in writing
some place that uh, he has to remain
in G' building as far as a program ass-
ignment is concerned, as he resides in
G Building?

SCC Dignean: Is it in writing? I
don't believe it is, no . . .

Inmate: Did she speak to him about me? . . .
Tanea . . .

SCC Dignean: He was aware of his case."

(continued Next

(5 of 10)

J) Therefore, the result of the continued violations of retaliations, racism, conspiracy intimidation, ~~I was forced to receive~~ receive injuries past and future  A) 2 separate but similar disciplinary reports by retaliation of my written complaints. B) Future denials of preference transfers C) Honor Block program D) F.R.P. (trailer marriage visits) as the refusals are automatically placed in my program, and guidance files (Morrissey v Brewer 408 us 471)(~~For~~ turner v Safley supra) to ensure protocols and procedures are followed for enforcement of the ~~two~~ (2) denials. These 4 injuries are automatically imposed.

## Applicable laws

K) I believe your denial of damages is based upon my failure to allege nominal and declaratory relief in the suit, as I researched the punitive and compensatory damages under 1st/14th Amends. So I see my error. So most likely your counting on that by law. However, there are 2 areas you failed to acknowledge.

Prison regulation review under
(Exhibit O)

(cont.)

## Turner v Sadley test

L) Even with my failure to allege Nominal and declaratory reliefs there is applicable law that its possible that a future ruling on this at Trial. Cassidy v Indiana Dept. of Corr. 59 F3d 787, Allah v Al-hafeez 229 F3d 247 of 251, Perkins v kansas Dept. of Corr. 165 F3d 803, Oliver v teller 289 F3d 623-620 Park v Shiflet 250 F3d 843. Turner v Sadley 482 US 78, As

"Officials may not plead conjecture upon conjecture to justify their policies" etc (Saldam v rockhart 905 F2d 1168)" Officials can not also claim a security rationale for policy, nor can they provide evidence in support of there rationale" (Shimer v washington 100 F3d 506)

M) Therefore Mr Bentex, the defendants need valid explanations and follow up / supports in order to make the defenses in a summary judgment motion and trial, no conclusory assertions are allowed without explanations, Walker v Sumner 917 F2d 382.) Basically the hearing minutes are against you on these.
(Ex A, 5 of N)

(7 of 10)

N) Second, keep in mind although It took me this long to figure out the nominal etc aspects of this kind of suit. The Reconsid- eration motion is still pending! I was'nt allowed to amend so I will be able to amend that part of the claims to include nominal and declaratory relief's! Yet, you made all denials in to your Answer which are extremely contrary to your own documents especially the hearing minutes. You should read them carefully again! in- cluding Dignean's grievance investigative report.

O) Notably, when you re-read the hearing minu- tes. You'll come across pages 7-19 Tareas and Digneans testimony about an alleged need for 2 programs etc. Yet, prior to even seeing defendant Dignean I had one prog- ram, I can prove this from other facilit- ies as well if necessary. Remember Tarea called me to the program committee to give me a 2nd program in 9. block by force of LL. in order to retaliate to keep lock me. This will be revealed no matter how you defend it, proving my petition. Tru (Hynes v Gomez 66 F3d 265 at 269, Pratt v Rowl- and 65 F3d 862, Thaddeus-X v Blatter 175 F3d at 386, Allah v Seiver, ng 229 Zimm-

(8 of 10)

mer man v Tribble 226 F3d 568, Johnson v
Stovell 233 F3d 486 at 489, Rowe v Shake
196 F3d 778)

P) I will most likely file a motion for you to
refile your Answer admitting aspects
from the Digneon investigative report and
tier hearing minutes where you'll have
to ~~add~~ admit defendants blotant vol-
ations.

Q) With these things in mind I hope you
reconsider your settlement offer. If not
I'll go to trial and tier it's experience for
future suits.

R) Also you sent me some reports regard-
ing assaulton an inmate by staff etc.
I'm not sure why you sent to me it
dosent belong in my case. Although, that
did just happend to me and a suit will
be filed, it don't mean give up this one, it
goes for more experience under my belt for
failures in this one. I will be more prepared.
As now those facts are totally in my favor as is
this suit.

~~etc.~~ I await your reply!

United States District Court
Western District of New York

(1 of 19)

John Willis Richard 91A0169
Plaintiff

v

Jennifer Dignean et al.
Defendants

Reply to defend-
ants Request for
Production of Docu-
ments

11-CV-6013 EAW

This Reply by John Willis Richard
Pro se, is to the best of my knowledge
as this facility (Attica) extremely restric-
ts inmates access to the Law Library one (1)
mod a week = any where between 45 minutes
to 2½ hours. Special access, is 2 mods a week
contrary, to every day access by all other
facilities Ive been at.

This Reply relates to Damages comput-
ations for each claim and the documents in
support, attached to this Reply identified by
numbers to the Damages computations.
(exhibit 0)

(20 of 41)

Damages Computation: with documented evidence for trial in support, numbered for non redundancy

## Against defendant Agnean

A) Racial discrimination for the 3/28/07 appearance # 1, 2, 3, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 18, 22, 23, 24, 33, 34, 35, 36. Settlement Damages $ 5,000

B) Racial discrimination for the 5/9/07 appearance # 1, 2, 3, 5), 6) 7, 8, 9, 10, 11, 12, 13, 15, 17, 19, 21, 22, 23, 24, 25, 26, 27, 31, 33, 34, 35, 36. Settlment Damages $

c) Racial discrimination for the 6/14/07 disciplinary report tier hearing testimony # 31, 1, 2, 3, 5, 6, 8, 9, 10, 11, 12, 13, 14, 16, 20, 22, 23, 24, 25, 26, 33, 34, 35, 36. Settlement Damages $

D) Religious Discrimination for the 3/28/07 appearance # 1, 2, 3, 4, 5, 6, 8, 9, 10, 11, 12, 13, 14, 16, 18, 22, 23, 24, 25, 26, 27, 31, 33, 34, 35 36. Settlement Damages $ 5,000

e) Religious Discrimination for the 5/9/07 appearance
(exhibit O)

(3 of 19)

#1, 2, 3, 4, 5, 6, 8, 9, 10, 11, 12, 13, 15, 19, 22, 23, 24, 25, 33, 34, 35, 36. Settlement Damages $ 5,000

F) Religious Discrimination for the 6/14/07
report #1, 2, 3, 4, 5, 6, 8, 9, 10, 11, 12, 13, 14/16, 18, 19, 20,
22, 23, 24, 25, 26, 27, 31, 33, 34, 35, 36. Settlem-
ent Damages $ 5,000

G) Religious Discrimination for the 9/5/07
report #1, 2, 3, 4, 5, 6, 8, 9, 10, 11, 12, 13, 17, 19, 20, 21,
22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34,
35, 36. Settlement Damages $ 5,000

H) Racial discrimination for the 9/5/07 report #
1, 2, 3, 4, 5, 6, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20,
21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34,
35, 36. Settlement Damages $ 5,000

I) unequal Protection/singled out for the 3/28/07
Appearance report #1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 18, 22, 23,
24, 25, 33, 34, 35, 36. Settlement damages $ 5,000

J) unEqual Protection/Sengled out for the 5/9/07
appearance #1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14,
15, 18, 19, 22, 23, 24, 25, 33, 34, 35, 36. Settlement

damages $ 10,000    (4 of 19)

K) Unequal Protection/singled out; for the 6/14/07 report # 1, 2, 3, 4, 5, 6, 8, 9, 10, 11, 12, 13, 14, 15, 16, 18, 19, 20, 22, 23, 24, 25, 26, 27, 31, 33, 34, 35, 36. Settlement damages $ 10,000

L) Unequal Protection/singled out; for the 9/5/07 report # 1, 2, 3, 4, 5, 6, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36. Settlement Damages $ 10,000

m) Retail Retaliation for complaints; for the 5/9/07 appearance # 1, 2, 3, 5, 6, 8, 9, 10, 11, 12, 13, 14, 15, 18, 19, 22, 23, 24, 25, 33, 34, 35, 36. Settlement damages $ 10,000

N) Retaliation for complaints; for the 6/14/07 report # 1, 2, 3, 4, 5, 6, 8, 9, 10, 11, 12, 13, 14, 15, 16, 18, 19, 20, 22, 23, 24, 25, 26, 27, 31, 33, 34, 35, 36. Settlement damages $ 10,000

O) Retaliation for Complaints; for the 9/5/07 report # 1, 2, 3, 4, 5, 6, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36. Settlement damages $ 10,000
(exhibit, PO)

(5 of 9)

## Against defendant Tareq

P) Racial discrimination related to the 3/28/07 ~~of~~ grievance ~~# 1974~~ # 1-36. Settlement damages $ 5,000

q) Racial discrimination related to the 5/9/07 appearance # 1-36 settlement damages $ 5,000

R) Racial discrimination ~~related to the~~ 6/14/07 report. # 1-36. Settlement damages $ 5,000

S) Racial discrimination ~~related to the~~ 9/5/07 report # 1-36. Settlement damages $ 5,000

T) Religious discrimination related to the 3/28/-07 grievance # 1-36. Settlement damages $ 5,000

U) Religious discrimination related to the 5/9/07 appearance. # 1-36. Settlement damages $ 5,000

V) Religious discrimination. for the 6/14/07 report #

(6 of 14)

1-36. Settlement damages $ 5,000

W) Religious discrimination for the 9/5/07 report #
1-36. Settlement damages $ 5000

X) Retaliation for grievances; for the 3/28/07
grievance # 1-36. Settlement damages $ 80,000

Y) Retaliation for grievances; for the 5/9/07
appearance. # 1-36. Settlement damages $
10,000

Z) Retaliation for grievances; for the 6/14/07
report. # 1-36. Settlement damages $ 10,000

AA) Retaliation for grievances; for the 9/5/07
report. # 1-36. Settlement damages $ 10,000

Defendant Dignean's 9-block isolation of prog-
rams only in 9-block extended to defendant
Tanea following the unwritten policy in order
to punish plaintiff/me in both the 6/14/07
and 9/5/07 reports, otherwise Tanea would
not have isolated my programs to only 9-block.
using the very same tactics that do Dignean did.

(7 of 9)

BB) Back pay/loss wages for the 6/14/07 report for ~~six~~ months until 19/5/07. damages $ 500

CC) lost/injury ~~reports~~ affecting, Parole, FRP. Honor block etc. # 8 for the 6/14/07 and 9/5/07 reports. Settlement damages $ 30,000

Additional proofs will reveal evidence from the Request for documents ~~from~~ for Plaintiff, the ~~interrogy~~ interrogatories and request for admissions from this Plaintiff. At the present the 6/14/07 hearing minutes # 31 are the most damaging from the defendants.

Settlement agreement
Suggestion

$ 50,000; (a trial, will be the full amounts alleged in the complaint.)

(6 of 19)

United States District Court
Western District of New York

John Willis Richard 91A0169
                    Plaintiff

            V

Jennifer Dignean etal,
            Defendants

Documents in
Support of Reply to
defendants Request
for Production of
documents

11-CV-6013 EAW

A) Upon this production of Partial docu-
ments, it's based upon documents, presen-
tly in my possession, and are enclosed.

B) Any numbered section that has
a star(✳) in front of it, are not in
my possession and I reserve the right
to supplement this Reply with doc-
uments as soon as they are disclosed by
the defendants from my Request for
documents from them.

C) Any numbered section with a triangle (Δ) in front of it are documents, only sent to the court for their records, because defendants already possess the documents as they turned them over to me.

D) The case laws/statues/directives cited, support the causes of action raised and can be found on your computer as I do not have the funds to cover the costs of production.

## Documents

1) 3/28/07 grievance #FPT 17830-07

2) Defendant Dignean's 4/11/07 response

3) Grievance Directive 4040 (pgs 1,13,

4) 6/23/07 Correctional Law 138,14 complaint

(12 of 19)

shall discharge his duties and comport himself, so as to carry out the programs and policies of the department...

Programing inmates...

For word... current information that outlines your duties and responsibilities under departmental policies and directives... the correctional Law... Civil service Law, title 7 codes... violations of any rule, regulation, or directive may be cause for appropriate disciplinary or administrative action..."

※ 12) Directive 4802 (from 2007) sections in part "II... idle... unemployed... full time ... ~~part time~~ half-time... Temporary assignment etc..." "... race, religion"

※ 13) Directive 4803 (from 2007) III... IX (B)(2)(3)(4)(5)(C)(3)(4), Limited Privilege Program Status (pg 3 enclosed)... "... race, religion"

※ 14) Facility block cell moves between 3/14/07 - 4/11/07 for 3/28/07 grievance

(10 of 19)

5) Correctional Law 138.1-6/Gaston v Coughlin 81 FS2d 381 "... NY correctional Law 138.4 ... correctional ~~law~~ officers are expected to be familiar with such laws governing the correctional system ... must be taken as 'clearly established!!.' (See also Employees manual # )

6) Santiago v Miles 774 FS 775

7) DOCS Rule Book 3 pages Introduction Pg 3, Pg 36

8) Program refusal notification/Peov Freeman 889 Nys2d af 120 " unjustifiable risk of future adverse affects to ... in other contexts, including appearances before the board of Parole ... " (Johnson v Annucci 139 Ad 3d 1271)

Δ 9) Inmate Program Assignment history pgs 1-2, 4-6, 8-9, 11

10) Civil Service Law 53

⭑ 11) Employee Manual rule book, - 2.1 Personal Conduct. No employee ... Shall so

(11 of 19)

comport himself as to reflect discredit upon the department or it's personal? ...

2.2 Lawful Comportment: An employee shall not knowingly or willfully violate any law or ordinance of the United States or the State of New York or any rule, regulation or directive of the department?

2.8  Nondiscrimination: No employee shall discriminate against any person on the basis of race, color... or or disability...

2.12 Language: An employee shall refrain from the use of indecent, profane, or abusive language or gestures while on duty...

3.4 Falsification of Records: No employee shall knowingly make a false or inaccurate official record or statement orally or in writing, or make, maintain, or cause or permit to be made a false or inaccurate record or false or inaccurate entry in official records...

6.11 _____ : Every employee

✱ 15) Facility block cell move sheets between 4/26/07 - 5/23/07 for second 5/9/07 appearance before defendant Dignean.

✱ 16) Facility block cell move sheets between 6/1/07 - 6/28/07 for 6/14/07 report by defendant Tanea.

✱ 17) Facility block cell move sheets between 8/26/07 - 9/23/07 for 9/5/07 report by defendant Tanea.

✱ 18) The kipy system or program availibilty sheets between 3/14/07 - 4/11/07 for 3/28/07 grievance

✱ 19) The kipy system or program availibility sheets between 4/26/07 - 5/23/07 for second 5/9/07 appearance before defendant Dignean.

(14 of 19)

☆ 20) The kipy system or program availi-
bility sheets between 6/1/07 - 6/28/07 for
the 6/14/07 report by defendant Tanea.

☆ 21) The kipy system or program availib-
ility sheets between 8/26/07 - 9/23/07
for the 9/5/07 report by defendant Tanea.

22) Peo v Cull 10 NY 2d 123 On the unwritten
Policy... any one may examine in that one place
what the law or rule is that has been enacted aff-
ecting his particular interest... otherwise in a
case such as the present, a failure to file...
would prevent him for instance of following a
charge from examining the contents of the rule
establishing such limitation... every rule and re-
gulation made by... authority... ~~be~~ be filed in the
office of the department of state if it is to be
effective..."

23) Chamber v Coughlin 76 Ad2d 980 " ~~if it were~~
~~meant to be applied to an individual inmate it is~~
~~ineffective~~ "At the outset it is unclear whet-
her this applies to an entire facility or to an ind-
ividual inmate, if it were meant to be applied
to an individual inmate, it is ineffective since
it does not have the force of a regulation"

(15 of 19)

24) Graynard v City of Rockford 408 US 104

"First; a rule must give the persone of ordinary intelligence a reasonable opportunity to know what is prohibited. Second; a rule must have specific standards so that those who enforce it, cannot do so arbitrarily and discriminatorily, and third a rule that impedes basic first Amendment freedoms, if vague leads those whose conduct is affected to more severely limit their conduct in order to avoid a violation"

25) 7 NYCRR 250.2(c)(4)(e),(d)(F)

26) 6/14/07 report/disposition by defendant Tanea

27) 6/20/07 grievance (part of 8/22/07, 9/18/07 grievances, subject to redaction/stip-ulation)

28) 7/22/07, 8/5/07, 8/19/07 letters to defendant Tanea (part of 8/22/07 grievance

29) 8/22/07 grievance FPT # 17830-07

☆ 30) 9/5/07 report/disposition by defendant Tanea

△ 31) Tier hearing transcripts from 6/14/07 report.

⊗ 32) 9/18/07 grievance packet FPT# 18071-07 subject to redaction/stipulation

33) Langley v Coughlin 709 FS 482 at 486

34) Williams v Smith 781 F2d at 323-4

35) Washington v Davis 426 US 229

36) Jones v Smith 120 misc 2d 445

"designed to provide notice and a common and definite place where the exact content of such rules and regulations, including any changes might be found... inmates faced with disciplinary action should have such a source available to them... This court believes that the constitutional rights of inmates are so intertwined with the disciplinary procedures as to mandate filing of these regulations" (unwritten block isolation policy)

Plaintiff reserves the right to supplement the documents in support of his complaint as the documents etc are disclosed during the discovery process.

Respec

cc file, court          Conclusion

(17 of 19)

I declare under the penalty of
Perjury that the above mention state-
ments and ~~do~~ enclosed documents are true
and correct on this 21st day of Aug.
2016.

Date 8/21/16

CC file
District Court Hon.
M Payson

Respectfully

John Richard

_John Richard_

(14 of 19)

Perjury that the foregoing is true and correct on the 21st of Aug 2016

c.c. file
Hon. M. Payson
District court.

Respectfully,

John Richard
91A0169
Attica Corr, Fac
PO Box 149
Attica, Ny 14011

United States District court
Western District of New York

(1 of 13)

John Richard   petitioner Prose

v

Jennifer Disnean et al
Defendants

Notice of
Motion for
Default Judgm-
ent, Dispositiv
Dispositive Motion
DKT: 6:11CV6013

I John Richard prose files this Notice
of motion for Default Judgment, Dispos-
itive motion to be heard by this
court on March 15th 2018 at the US
District court, at 100 state St. Rochester NY
for an order granting default motion
judgment in favor of plaintiff upon the
following grounds:

Ground one: Defendants clearly conceded
to complaints allegations by
tier hearing statements

Ground Two       Defendants illegally

changed their position which
is non refutable/fatal to
their defense(s) in this suit
by law of fraud upon the
court.

Wherefore plaintiff respectfully requests
an evidentiary hearing to explore defendants
reasons for legal standing in this suit to
challenge claims or get grant of entry
of default-s default judgment in favor of
plaintiff

cc file
J. R. Benetez

Date 3/1/18

Respectfully

John Richard

John Richard 91A0069
Woodbourne Corr. Fac.
PO Box 1000
Woodbourne, NY 12788

United States District court
Western District of New York

John Richard ~~Petitioner~~ Plaintiff
                    Prose

            V

Jennider Dignean, et al
            Defendants

Affidavit in
Support of Notice
of motion for
Default judgment
Dispositive motion
DKT. 6:11 CV6013
(EAW-MWP)

1) I John Richard Prose declares under the penalty of perjury that the following is true and ~~corr~~ correct on this 1st day of March 2018,

2) That I/Plantiff move this court to address a dispositive motion for default judgment under the following grounds:

Ground one
            Defendants clearly
      conceded to complaints
      allegations by tier hearing
      Statements

3) Defendant Torrea filed a 6/14/07 disciplinary

report (exh A) that caused a tier hearing
to be held and testimony to be presented.

5) At this hearing defendant Thomas Tanea
testified to the following concession
that caused this suits claims.(exh B
pages 5-6)        Testimony of Tanea

"Inmate: ... was if intent to give me
a 9 block programs ... isolation to
keep me in 9 block ...

SCC Tanea. NO ...

Inmate: is there any thing in writing that
verifies ... we have to program by the
blocks were in? ...

Lt Giannino: If he's housing in 9 block is
it uncommon for an inmate to be
assigned to another block ...
Inmate: objection, objection I didn't
say it was uncommon? I said in
writing ..
Lt Giannino: Ok okay, in writing? ...
SCC Tanea: is it in writing ... NO "

(56 of 15)

6) Then Defendant ~~was~~ Dignean was called
to testify by plaintiff (exch B pages
6-8)

## Testimony of Dignean

"SCC Dignean; Yes he's filed one grievance
on me..."

Inmate; ... is it in writing that I have
to stay in 9 block for programing... I
asked id that was in writing that she
can do that..."

Lt Giannino: Alright is it in writing some
place that... he has to remain in 9
~~block~~ building as far as a program assign-
ment is concerned, as he resides in 9 block?

SCC Dignean; Is it in writing? I dont
believe it is, no...."

### Applicable Laws of
what a concession/conceding
is

7) In Perry v Ogdensburg Correctional Facility,
2016 wl 3004658 "Judge Banks found that
the defendants appeared to have conceded that

Plaintiff had a serious medical need" in this case that defendants had no written policy in place to isolate programs by the blocks there in (which infact violates Santiago v Miles) that concession can be enforced (Thomas v Waugh 2015 wl 5750945, Shakur v Graham 2015 wl 1968492)

8) All of the testimonies by Tanea and Pidgean lead to the undeniable fact that defendants actually and clearly conceded to the suits allegations. They are concessions that also bars defendants from defendang/litigating this suit by motions/answers/denials which would be fraud upon the court if they so deny these actions by defendants in this motion.

9) More law? Here it is, These detailed concessions are "ultimately fatal" to defendants litigation of this suit in all respects (US v Ballard 645 F3d 237 & US v Nezay 668 FS330) That type of concession "is a prominent factor in the courts analysis" (Benal v Paradism 788 F2d 1043) The hearing minutes/testimonies (exh B) "is

strengthened considerably by ... concession"
(Rice v Fox broadcasting 330 F3d 1170) In Jones
v Airlines Plots Assn. 642 F3d 1100) gives the
legal view of defendants "concession to ... court
that the "defendants block isolation policy
is unwritten and" not supported ... conceded
to the truth of the factual allegations" ... that
dispite these concessions "defendants still find
plaintiff guilty. Yet if can't be "rejected ... on the
the basis that he was bound by "defendants
testimonies, this court is also "bound by" the ...
statements where the record did not plainly
contradict the concession ... It stated that
all defendants "cannot disavow that concession
because "if hindsight it might have been pre-
ferable for him to have contested" if under the
change in position in their Answer." rather than
conceded it ... admissions or concessions are
sufficient to resolve all issues "(Perez v Mejia v
Holder 663 F3d 403)

10) Thus, defendants must concede to their
prior position of admitting there was no
written rule of block isolations. Thus no reports
could have been written against plaintiff.

11) Plaintiff filed a request for interrogatories that lead to defendant Agnean again acting-mitting conceding that theres no 9block isolation policy. (exh C page 5) quoting #s 13-14

<u>Prelude</u>

"13) Please describe in as much detail as possible by identifying who trained you to apply the policy to only program in the blocks inmates are in/cannot receive a program outside of their blocks, in your assignments... that you outlined in your 3/28/07 grievance" (exh D)

<u>Answer</u>

14) Please describe in as much detail as possible whether you used this same block isolation policy against other inmates, as you did against the plaintiff...

Response; There wasn't a block isolation policy "

12) Which equals to the suits complaint claims of 9 block isolation unwritten policy tactic that she used in her discrimination racial bias reasons to deny plaintiff she knew didn't exist. A further <u>concession</u>.

## Ground Two

Defendants illegally changed
their position which is non refutable
fatal — to their defense(s) in this
suit, by law of fraud upon the court

13) Upon the claims left in this suit is foundartied
in this racial discrimination of 9 block isolat-
ion in programing etc,(see suits claims) used
by both Defendants Dignean and Tanea.

14) ~~Defs. Plaintiff~~

14) Defendant filed an Answer, controry
to and denying their concession position.
equalling Fraud with intent to mislead
the court.

15) Further proof of a ~~chan~~ illegal change
in position is Plaintiffs filed a Request
for interrogatories for defendant Tanea
In this interrogatory Tanea changed
his position, as if he didn't make a prior
concession. The interrogatory (exh E pgs
3- 4 quotes;

(10 of 19)

"16) Please describe in as much detail as possible, who trained you to follow/up apply the policy to only program in the blocks inmates are in/cannot receieve a program outside of their blocks...

Response ... don't understand what the question is.

17) Please describe in as much detail as possible whether you used this block isolation policy against other inmates...

Response; I never used it. I don't understand what block isolation is"

16) He used it to keeplock me 6/14/07 and 9/5/07 only offering 9 block programs just as Defendant Dignean did. He has a copy of this suits complaint he knows exactly what it is. He chose to change his position. and Mr Benitez has filed that motion to the ra interrogatory unnotarized to the court.

(11 of 13)

17) The Federal court Law of Allen v McCurry (449 US 90 at 94) "Precludes any attempt on it's part the second time around to supplement the evidentiary record" (US v Neza 668 FS 330, Mass sch of Law 142 F3d at 39, Pre ser v Rodriguez 411 US 475 at 497, Coogan v Cincinnati Bar Assn 431 F2d 1209 at 1211) Allan (supra) supports the legal position "preventing inconsistant decisions... state and federal"

## False filings to the court is Fraud

18) Fraud upon the court "when defendants file motions to this court denying these facts, claims, and ignoring these laws. "Fraud rises to the level of an unconsciable plan or scheme which is designed to improperly influence the court in its decisions" (Dixon v CIR 316 F3d 104) The court said "we not only ~~should act~~ can act, we should" (Levander v Probar 180 F3d 1114, Alexander v Robertson 882 F2d 421)

19) Both <u>Grounds one</u> concession, and <u>Ground two</u>, change in position, deal directly with proof of plaintiff's claims. Defendant Bignean's actions carried over to defendant Tonea (exh B pags 5-11) at the hearings in violation of complaints claims.

## conclusion

20) Wherefore, plaintiff respectfully asks/requests this court to grant this dispositive motion for Default judgment on the above grounds or in alternative order an evidentiary hearing to create a full record.

Dated March 1, st 2018

ccfile
JR Benitez

I John Richard declares under the penalty of perjury that the enclosed is true and correct on this 1st of March 2018 date.

Respectfully John Richard

John Richard

(13 of 13)

# Affidavit of Service

Richard v Pigman 6:11 cv 6013

I John Richard declares under the penalty of perjury that I mailed this dispositive motion for Default judgment on March 1st 2018 by placing it in the US mail box at woodbourne correctional Facility on March 2nd 2018 to be mailed to the following:

Hon M W Payson
Western District court
100 State St
Rochester, NY 14614

J. R Benitez
Asst. Atty Gen
144 Exchange Bld.
Rochester NY 14614

I declare under the penalty of perjury that the foregoing is true and correct on this 2nd day of March 2018

Respectfully
John Richard

John Richard

FORM 2171A (4/01)

STATE OF ~ YORK - DEPARTMENT OF CORRECTIONAL SE~

Five Points _____ Correctional Facility

## INMATE MISBEHAVIOR REPORT ♦ INFORME DE MAL COMPORTAMIENTO DEL RECLUSO

| 1  NAME OF INMATE (Last, First) ♦ NOMBRE DEL RECLUSO (Apellido, Nombre) | NO. ♦ NÚM. | HOUSING LOCATION ♦ CELDA |
|---|---|---|
| Richard, John | 91A0169 | 9-A1-18T |

| 2  LOCATION OF INCIDENT ♦ LUGAR DEL INCIDENTE | INCIDENT DATE ♦ FECHA | INCIDENT TIME ♦ HORA |
|---|---|---|
| Program Committee Room/ School Bldg. | 6/14/07 | 9:00 AM |

**3  RULE VIOLATION(S) ♦ VIOLACIÓN/ES**

180.18 Program Committee Procedures. Inmate Shall accept Program Assignments, failure to accept a Program may Result in Disciplinary action.

**4  DESCRIPTION OF INCIDENT ♦ DESCRIPCIÓN DEL INCIDENTE**

On the above date and time inmate Richard, J 91A0169 appeared before the Program Committee for a Program Review and assignment. After Reviewing the inmate's Program needs, facility needs and availability of Programs, inmate Richard was given several options on 9 Block for a Program assignment. Richard stated he would only accept a Program on 10 Block, I told him several times there were no openings on 10 Block. At that point inmate Richard Refused to accept the assignment. Inmate Richard was advised of the consequences of his Refusal. He was then given the opportunity to accept the assignment on 9 Block, which he Refused again. Inmate Richard was then escorted by Security back to his housing unit where he was placed on keeplock.

| REPORT DATE ♦ FECHA | REPORTED BY ♦ NOMBRE DE LA PERSONA QUE HACE EL INFORME | SIGNATURE ♦ FIRMA | TITLE ♦ TÍTULO |
|---|---|---|---|
| 6/14/07 | T. Tarea | | SRCC |

**5  ENDORSEMENTS OF OTHER EMPLOYEE WITNESSES (if any)**    SIGNATURES:

ENDOSOS DE OTROS EMPLEADOS TESTIGOS (si hay)    FIRMAS   1. _Sgt F/H____

2. _____ 3. _____

NOTE: Fold back Page 2 on dotted line before completing below.

**6  WERE OTHER INMATES INVOLVED?**   YES ☐   NO ☒   IF YES, GIVE NAME & #

**7  AT THE TIME OF THIS INCIDENT, WAS INMATE UNDER PRIOR CONFINEMENT/RESTRICTION?**   YES ☐   NO ☒   OR

AS A RESULT OF THIS INCIDENT, WAS INMATE CONFINED/RESTRICTED?   YES ☒   NO ☐   KL

**8  WAS INMATE MOVED TO ANOTHER HOUSING UNIT?**   YES ☐   NO ☒

IF YES, (a) CURRENT HOUSING UNIT _____ (b) AUTHORIZED BY _____

**9  WAS PHYSICAL FORCE USED?**   YES ☐   NO ☒   IF YES, FILE FORM 2104)

AREA SUPERVISOR ENDORSEMENT _Sgt F/H____    BATES # 000005

Dist:   WHITE - Disciplinary Office   CANARY - Inmate (After review)

(exhibit A)

| | |
|---|---|
| Lt. Giannino: | If you do, you have to ask them through me.  And if I feel that they are in fact pertinent to this hearing, I will allow them.  Do you understand that? |
| Inmate: | Yes. |
| Lt. Giannino: | Okay. |
| Inmate: | Uh, was it intent to give me a 9 block programs than uh, isolation to keep me in 9 block. |
| Lt. Giannino: | Uh, Mr. Tanea, was your assignment of inmate Richard in 9 block uh, some type of way of keeping him in 9 block? |
| SCC Tanea: | No. |
| Inmate: | Is there anything in writing that verifies, saying that uh, pro, we have to program by the blocks were in? |
| Lt. Giannino: | Is there anything uh, in the policy or uh, statement that uh, would keep an inmate in the block that he's in as far as his program assignment? |
| SCC Tanea: | As far as his program assignment? |
| Lt. Giannino: | Yeah. |
| SCC Tanea: | Like what?  I, because we move inmates for ASAT or ART and things like that. |
| Lt. Giannino: | Okay, uh, but |
| SCC Tanea: | For, recommended programs. |
| Lt. Giannino: | Okay, well, if he's like in 9 block, |
| SCC Tanea: | Yes. |
| Lt. Giannino: | If he's housing in 9 block is it uncommon for an inmate to be assigned to another block? |
| Inmate: | Objection, objection, I didn't say it was uncommon?  I said in writing |
| Lt. Giannino: | Oh, okay, in writing? |
| Inmate: | In writing |

Page 5

(exhibit B)

BATES # 000012

| | |
|---|---|
| Lt. Giannino: | Was it in writing? |
| SCC Tanea: | Is it in writing? |
| Lt. Giannino: | Yeah, that he has to uh, remain in 9 block as far as the program assignment's concerned? |
| SCC Tanea: | No. |
| Lt. Giannino: | Okay, any other questions? |
| Inmate: | (unintel) right now. |
| Lt. Giannino: | Alright, thank you Mr. Tanea, Mr. Tanea is do, you know if Ms. Dignean is working today? |
| SCC Tanea: | Yes, she is. |
| Lt. Giannino: | Is she at an extension I can reach her? |
| SCC Tanea: | Check 4305. |
| Lt. Giannino: | 4305, thank you for your time. |
| SCC Tanea: | Okay, bye. |
| Lt. Giannino: | Yup, bye.  (Dialing phone). |
| W. Kerry: | Guidance, Wendy speaking. |
| Lt. Giannino: | Wendy, Lt. Giannino, I'm looking for Ms. Dignean. |
| W. Kerry: | Just a moment. |
| SCC Dignean: | Dignean |
| Lt. Giannino: | Hi, Dignean, this is Lt. Giannino how are you? |
| SCC Dignean: | Good, what's up? |
| Lt. Giannino: | Uh, I am in the middle of a Tier II hearing, that I'm holding on an inmate Richard. |
| SCC Dignean: | Uh, huh. |
| Lt. Giannino: | He was issued a misbehavior report by Mr. Tanea. |

Page 6

BATES # 000013

(Exhibit B)

| | |
|---|---|
| SCC Dignean: | Yes. |
| Lt. Giannino: | On June 14th at around 9 am for uh, the charge is 180.18 program committee procedures. Uh, and inmate Richard has requested you as a witness. Uh, are you familiar with inmate Richard? |
| SCC Dignean: | Yes, I am. |
| Lt. Giannino: | Okay, uh, can you tell me is this misbehavior report that was issued by Mr. Tanea any form of retaliation for uh, supposedly he had filed some grievances against you and the uh, program committee is this in any form of a retaliation? |
| SCC Dignean: | No. |
| Lt. Giannino: | Okay, are you familiar with some grievances that inmate Richard filed? |
| SCC Dignean: | Yes, he's filed one grievance on me. |
| Lt. Giannino: | Okay. Alright at this point inmate Richard do you have any questions for Ms. Dignean? |
| Inmate: | Yes, uh, if she refused to assign me the programs that I requested both times (unintel) is it in writing that I have to stay in 9 block for programming? |
| Lt. Giannino: | Uh, did you hear the question Ms. Dignean? |
| SCC Dignean: | I didn't. |
| Lt. Giannino: | Alright, he's, his question is, is it ah you know him being in 9 building, does he have to stay in 9 building as far as programming? |
| SCC Dignean: | That would be up to the program committee chairperson right now. |
| Lt. Giannino: | Okay, |
| Inmate: | I asked if that was in writing that she can do that, she can |
| Lt. Giannino: | Alright is it in writing someplace that uh, he has to remain in 9 building as far as a program assignment is concerned as he resides in 9 building? |
| SCC Dignean: | Is it in writing? I don't believe it is, no. |
| Lt. Giannino: | Okay. |

Page 7

(exhibit B)

| | |
|---|---|
| Inmate: | I didn't only file a grievance, I filed another, a second complaint on 5/11. I sent her a copy of it. |
| Lt. Giannino: | Uh, Ms. Dignean are you familiar with a civil service complaint that inmate Richard had filed against you? |
| SCC Dignean: | No. |
| Lt. Giannino: | Okay, |
| Inmate: | I, um, did she train the program guy, that uh, |
| Lt. Giannino: | Alright, you have to speak up a little more clearly |
| Inmate: | A prog, a program, did she train the guy that was in the program committee right now, Mr. Tanea. |
| Lt. Giannino: | Uh, have you in any way trained uh, or had anything to do with Mr. Tanea. (tape ends) |
| | Okay today's date is June 18th, 2007 the time is now 11:33 am, my name's Lt. Giannino, this is a continuation of a Tier II hearing being held on inmate Richard, present in the 9 building hearing room with me is. |
| Officer Jones: | Officer Jones |
| Lt. Giannino: | And inmate Richard, name and number? |
| Inmate: | John Richard 91A0169. |
| Lt. Giannino: | And on speaker phone I have uh, Senior Correction Counselor Ms. Dignean.  Please identify yourself ma'am. |
| SCC Dignean: | Senior Correction Counselor Dignean. |
| Lt. Giannino: | Okay, uh I guess the last question was uh, before the other tape ended was uh, did you any way have anything to do with the training of Mr. Tanea and his ability to conduct a program committee? |
| SCC Dignean: | Yes. |
| Lt. Giannino: | Okay. |
| Inmate: | Was he present at the time that I appeared before you? |

BATES # 000016

(exhibit B)

| | |
|---|---|
| Lt. Giannino: | Alright, Ms. Dignean was he present at any time during inmate Richard's previous program committees that you had held? |
| SCC Dignean: | No. |
| Lt. Giannino: | Okay. |
| Inmate: | Did she speak to him about me? |
| Lt. Giannino: | Ms. Dignean, did you in any way spoken to inmate Tanea, prior to him having, him conducting a program committee about inmate Richard? |
| SCC Dignean: | You mean Senior Counselor Tanea? |
| Lt. Giannino: | Yes. |
| SCC Dignean: | (unintel) (laughs) |
| Lt. Giannino: | I'm sorry what was that? |
| SCC Dignean: | You said inmate Tanea. |
| Lt. Giannino: | I'm sorry, yeah. |
| SCC Dignean: | Oh. |
| Lt. Giannino: | Mr. Tom Tanea, Senior Correction Counselor. |
| SCC Dignean: | He was aware of his case. |
| Lt. Giannino: | Okay. |
| Inmate: | Um, |
| Lt. Giannino: | In what aspect was he aware of his case? |
| SCC Dignean: | Well, he was outside the room when (unintel). |
| Lt. Giannino: | Any other questions? |
| Inmate: | Was there other programs available to me at the time?   That I would appear before you twice? |
| Lt. Giannino: | I don't recall those hearings, I didn't do them?   Were there any other programs available to Mr. Richard, on the both previous occasions, is that what your referring to? |

Page 10

BATES # 000017

( exhibit B)

| | |
|---|---|
| Inmate: | Yes. |
| Lt. Giannino: | Both previous program committee appearances. |
| SCC Dignean: | Yes, there was. |
| Lt. Giannino: | There was, okay.  Alright thank you for your testimony Ms. Dignean. |
| SCC Dignean: | Yup. |
| Inmate: | (unintel) I know numerous people who don't have, who have one program, it is not necessary to take 2 programs, (unintel) I've been in jail 18 years.  (unintel). |
| Lt. Giannino: | (Dialing phone) |
| SCC Tanea: | Program committee, Tanea. |
| Lt. Giannino: | Hello, Mr. Tanea, Lt. Giannino again I am uh, still doing a Tier II hearing on inmate Richard and he is once again requested that you uh, as witness for uh some other questioning, please identify yourself for the record? |
| SCC Tanea: | Thomas Tanea, Senior Counselor for Program Committee. |
| Lt. Giannino: | Okay, uh, your question for Mr. Tanea, |
| Inmate: | Right uh, |
| Lt. Giannino: | Can you ask him |
| Inmate: | What was my program needs? |
| Lt. Giannino: | What's that? |
| Inmate: | What was my program needs? |
| Lt. Giannino: | Uh, do you recall inmate, uh, Mr. Tanea, what inmate Richard's program need was? |
| SCC Tanea: | His program needs are? |
| Lt. Giannino: | Yeah, or was. |
| SCC Tanea: | I could look it up. |

Page 11

(exhibit 3)

BATES # 000018

(13)    Please describe in as much detail as possible, by identifying <u>who trained you</u> to apply the POLICY to only program in the blocks inmates are in/cannot receive a program outside of their blocks, in your assignments of programs to all inmates? prior to becoming chairman.  That you outlined in your 3/28/07 grievance response.

**RESPONSE:**   The block porter jobs were usually filled with inmates that lived on the blocks and usually filled by the request of the block officers. I don't remember the grievance from 3/28/07.


(14)    Please describe in as much detail as possible, whether you used this same block isolation policy against other inmates, as you did against Plaintiff, and if you did what inmates?

**RESPONSE:** There wasn't a block isolation policy.

(15)    Please describe in as much detail as possible, whether the program changes are listed on program change sheets, that are required for logging/documenting a program.

**RESPONSE:** The program changes were listed on a sheet and distributed to the security staff in order for them to document on their accountability boards where the inmates were assigned to.


(16)    Please describe in as much detail as possible, your training knowledge in regards to the EMPLOYEE MANUAL HANDBOOK specific rules of the word <u>"SHALL"</u>

5


(exhibit c)

NEW YORK STATE
DEPARTMENT OF CORRECTIONAL SERVICES

FIVE POINTS CORRECTIONAL FACILITY

*M E M O R A N D U M*

TO :         DSP ZENZEN

FROM :      SR. CC DIGNEAN  *Sr CC Dignean*

DATE :      4/11/07

SUBJECT :   RICHARD, J. 91A0169 9-A1-18T
            FPT-17029-07

••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••
      RICHARDS, J. 91A0169 WROTE ME REQUESTING TO BE SEEN AT
PROGRAM COMMITTEE TO PICK A SECOND PROGRAM. I RETURNED A
RESPONSE TO HIM ON 3/26/07 INFORMING HIM THAT HE WOULD BE
SCHEDULED FOR PROGRAM COMMITTEE. HE WAS PLACED ON A PROGRAM
COMMITTEE CALLOUT ON 3/28/07.
      RICHARDS DEMANDED A JOB IN 10 BLOCK. HE IS HOUSED IN 9
BLOCK. I EXPLAINED TO HIM THAT THE FACILITY DOESN'T MOVE INMATES
FROM ONE BLOCK TO ANOTHER FOR PORTER OR UTILITY ASSIGNMENTS. HE
CONTINUED TO DEMAND TO BE MOVED TO 10 BLOCK FROM 9 BLOCK. I
AGAIN INFORMED HIM THAT PROGRAM COMMITTEE DOESN'T DO BLOCK MOVES
UNLESS REQUIRED BY A PROGRAM NEED. HE CONTINUED TO ARGUE WITH ME
ABOUT BEING MOVED AND GETTING A JOB ON 10 BLOCK. I OFFERED HIM
A PORTER,REC AIDE,OR UTILITY GANG ON 9 BLOCK. HE REFUSED THESE
PROGRAMS AND AGAIN DEMANDED TO BE MOVED TO 10 BLOCK. I NEVER
OFFERED HIM A PROGRAM AS A MOBILITY ASSISTANT.
      I DID DISCUSS RICHARD'S DISCIPLINARY RECORD WITH HIM AS I
DO WITH ALL INMATES AT PROGRAM COMMITTEE.HIS DISCIPLINARY RECORD
CONSISTS OF WEAPONS, DRUGS, ASSAULT ON INMATES, UNAUTHORIZED
ORGANIZATION ACTIVITY, LEWD CONDUCT,NUMEROUS FIGHTS, AND
NUMEROUS TIER 2'S. DISCIPLINARY HISTORY IS A FACTOR WHEN
PROGRAMMING INMATES WITHIN A CORRECTIONAL FACILITY.
      I NEVER MADE ANY RACIAL STATEMENTS, NEGATIVE RELIGIOUS
STATEMENTS, OR STATEMENTS REGARDING HIS INTELLIGENCE.I ALSO
NEVER MADE THE STATEMENT "YOU SHOULD BE IN PRISON THE REST OF
YOU LIFE". I NEVER USED ANY VULGARITY TOWARDS RICHARD DURING THE
CONVERSATION.
      RICHARD LEFT THE ROOM STATING HE DOESN'T WANT ANY OF THOSE
PROGRAMS. HE WAS LEFT UNASSIGND FOR A HALF MOD.

your programing assignments to inmates (deleting names and #s) from one full week

prior to 6/14/07 and one full week after.

**RESPONSE:**  Don't know.

(12)    Please identify an attach a copy of any an all documents showing your

programing (sic) asignments (sic) to inmates (deleting names and #s) from two full week

prior to 9/5/07 and two full week after.

**RESPONSE:** Don't know.

(13)    Please identify an attach a copy of any an all documents showing program

availability sheets of open programs two full week prior to 6/14/07 and two full weeks

after.

**RESPONSE:**  Don't know.

(14)    Please identify an attach a copy of any an (sic) all documents showing

the program availibility (sic) sheets from two full week prior to 9/5/07 and two full week

after.

**RESPONSE:** Don't know.

(15)    Please describe in as much detail as possible, specifically <u>where</u> in

directive 4802 in effect in 2007 does it state/ make it <u>MANDATORY</u> to have two (2)

programs/modes for programing (sic).

**RESPONSE:** Don't know without reviewing directive.

(16)    Please describe in as much detail as possible, who trained you to

follow/apply the policy to only program in the blocks inmates are in/cannot recieve (sic)

3


( exhibit E )

a program outside of thier (sic) blocks, your assignmments (sic) of programs to all

inmates? prior to becoming chairman.

    **RESPONSE:** Many things were taken into consideration about programming.
Don't understand what question is.

    (17)   Please describe in as much detail as possible, whether you used this

block isolation policy against other inmates, an (sic) if so who?

    **RESPONSE:** I never used it, I don't understand what block isolation is.

    (18)   Please describe in as much detail as possible, your duty as a

counselor/program committee chairman to review Plaintiffs files to ascertain the

appropriate placement in <u>MANDATORY programing</u> (sic).

    **RESPONSE:** Reviewed entire record of every inmate.

    (19)   Please describe in as much detail as possible, whether you are given an

OATH to abide by all rules, especially in teir (sic) hearing testimonies.

    **RESPONSE:** Always followed rules/reg.

    (20)   Please describe in as much detail as possible, your

knowledge/understanding of the word "SHALL" as outlined in the EMPLOYEEMANUAL

(sic) HANDBOOK, in all respects.

    **RESPONSE:** Don't know.

    (21)   Please describe in as much detail as possible, whether any

complaints/grievances of misconduct reports were filed against you since being hired by

DOCCS.

    **RESPONSE:** Numerous inmates have filed grievances, I couldn't give you

answer in all of my years in DOCCS.

4


(exhibit E)