UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JOHN WILLIS RICHARD, #91-A-0169,

                    Plaintiff,

       v.

JENNIFER DIGNEAN and THOMAS TANEA,

                    Defendants.

_____

**DECISION AND ORDER**

6:11-CV-06013 EAW

*Pro se* plaintiff John Willis Richard ("Plaintiff"), an inmate currently confined at the Orleans Correctional Facility, has filed a motion for free trial transcripts. (Dkt. 221). Plaintiff commenced this action asserting claims pursuant to 42 U.S.C. § 1983, on December 3, 2010. (Dkt. 1). A jury trial was held in March 2024, and the jury returned a verdict in favor of Plaintiff as to his equal protection claim against defendant Thomas Tanea awarding nominal damages, but otherwise ruled in favor of the defendants. Plaintiff filed a notice of appeal on March 25, 2024. (Dkt. 213). He now seeks free trial transcripts. (Dkt. 221). Plaintiff's motion details his efforts and apparent confusion over the process needed to pursue the production of transcripts in this case. (*Id.*). He also sets forth his lack of money to pay for the requested transcripts. (*Id*. at 6). And he details his requests for transcripts beyond just the actual trial. (*Id*. at 7).

The Court construes the motion as made pursuant to 28 U.S.C. § 753(f). That statute provides as follows:

> Each reporter may charge and collect fees for transcripts requested by the parties, including the United States, at rates prescribed by the court subject to the approval of the Judicial Conference. He shall not charge a fee for any

copy of a transcript delivered to the clerk for the records of court. . . . Fees for transcripts furnished in other proceedings to persons permitted to appeal *in forma pauperis* shall also be paid by the United States <u>if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)</u>.

28 U.S.C. § 753(f) (emphasis added). "The standard for determining if an appeal presents a substantial question is whether, when judged on an objective basis, the appeal (1) raises a question that is reasonably debatable and (2) whether the transcript is necessary to the presentation of the appeal." *Barnes v. Alves*, 107 F. Supp. 3d 252, 256 (W.D.N.Y. 2015) (quotations and citation omitted). Vague assertions of error are insufficient to raise a substantial question that would warrant provisioning the trial transcript at no cost. *See, e.g.*, *Moore v. Gardner*, 201 F. App'x 803, 804 (2d Cir. 2006) ("[Plaintiff]'s conclusory allegations of prejudice are not sufficient to establish that there are any substantial questions raised by this appeal."); *Liner v. Wright*, 463 F. Supp. 2d 365, 366 (W.D.N.Y. 2006) ("Other requests are vague and do not raise a substantial issue on appeal. For example, [the application] suggests, without elaboration that the 'prejudicial affects' during the trial warrant preparation of the entire transcript."); *see also Simcoe v. Gray*, No. 10 Civ 6531 (FPG), 2015 WL 4138876, at *1 (W.D.N.Y. July 8, 2015) ("Proposed issues 6 and 7 are overly general and vague and do not provide the Court with any detail regarding these contentions. However, having presided over the trial, I easily conclude that these proposed issues are meritless.").

Here, Plaintiff fails to provide any information from which the Court can assess whether his appeal presents a substantial question, let alone whether the transcript is necessary to the presentation of Plaintiff's appeal. *See Dorsey v. Venard*, No. 1:15-CV-

00859, 2019 WL 2904546, at *1 (N.D.N.Y. June 17, 2019) ("When an appellant moves for a free transcript, 'he must provide the district court with a statement detailing the substantial questions presented by the appeal.'") (quoting *Harper v. United States*, 217 F.3d 889, 889 (2d Cir. 2000) (*per curiam*)).  Even if Plaintiff had articulated some alleged error in the proceedings, having presided over the trial, the Court would likely find the assertion meritless.  *Simcoe*, 2015 WL 4138876, at *1.  The outcome of this case depended ultimately upon the jury's credibility assessments of the witnesses, and the jury verdict was amply supported by the evidence in this case.  In fact, the jury found in favor of Plaintiff as to his claim against one of the defendants, but in the Court's view appropriately did not find that he established his entitlement to damages.

Accordingly, for the foregoing reasons, Plaintiff's motion for transcripts (Dkt. 221) is denied.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:        March 2, 2026
              Rochester, New York